467 So.2d 90 (1985)
Lynn D. BERRY, Plaintiff-Appellant,
v.
HOLSTON WELL SERVICE, INC., et al., Defendants-Appellees.
No. 84-293.
Court of Appeal of Louisiana, Third Circuit.
April 10, 1985.
Jones, Jones & Alexander, Glenn W. Alexander, Cameron, for plaintiff-appellant.
Caffery, Oubre, Dugas & Campell, John Blackwell, New Iberia, Raggio, Cappel, Chozen & Berniard, Thomas L. Raggio, Lake Charles, Lestage, Lestage & Landreneau, DeRidder, Stockwell, Sievert, Viccellio, Clements & Shaddock, Robert W. Clements, Lake Charles, for defendant-appellee.
Before DOMENGEAUX, DOUCET and KING, JJ.
DOMENGEAUX, Judge.
Plaintiff-appellant, Lynn D. Berry, an employee of CRC Western Wireline Services, Inc. instituted this tort action against defendant-appellees, Sohio Petroleum Company, Holston Well Service, Inc., Crutcher Resources Corporation, Continental Insurance Company, (Sohio's liability insurer), and Home Insurance Company, (Holston's and Crutcher's liability insurer) for personal injuries he allegedly sustained while performing his duties as a member of an oilfield wireline crew during work over operations of a lease and well owned and operated by Sohio. This appeal arises out of the district court's decision to grant a motion for summary judgment on behalf of Sohio Petroleum Company and Continental Insurance Company, thereby dismissing the plaintiff's tort demand against those two parties.
On June 23, 1977, the date of the alleged accident, the plaintiff was employed as a hoistman for CRC Western Wireline Services, Inc. His petition alleges that he received severe injuries to his back and legs during work over operations on a lease and well owned and operated by defendant Sohio Petroleum Company.
At the time of the alleged accident Sohio was engaged in "working over" an old well located in the vicinity of the Fields community in Beauregard Parish. Sohio had contracted with Holston Well Services, Inc. to furnish the necessary rig, equipment and personnel for the drilling portion of the work over job.
Several weeks into the work over operation it became necessary to perforate the well at a certain depth. Sohio then contracted with CRC Western Wireline Services, Inc. to perform the perforating work and to provide the necessary labor, tools, equipment and materials to do the work. Pursuant to that agreement, CRC Western Wireline sent a wireline crew composed of Harvey M. Twiner, Johnny Landry and the *91 plaintiff, Lynn D. Berry, to the well location to complete the perforating work.
From the depositions contained in the record we are able to conclude that wireline work is a specialized field in oilfield operations. It consists generally of attaching various speciality tools to an electrically charged cable and then lowering those tools down into the hole to perform the necessary tasks. Functions performed by these tools include perforating the casing by use of explosive charges, "plugging back" the well, "packing off" or sealing parts of the well, and other such jobs. On the day of the accident the wireline equipment had been attached to the well-head and the perforation of the casing had been completed. Plaintiff claims that his injury occurred during the process of removing the wireline tools from the derrick floor to the ground by means of a hoist line. He contends that his leg and back strain occurred as he guided the heavy equipment to a clear area on the ground to be dismantled.
The plaintiff filed this tort law suit on June 22, 1978, alleging that the injury to his back and legs was caused by the negligence of Holston Well Service, Inc. and Sohio Petroleum Company for improperly and unsafely stacking a large amount of pipe in the close vicinity of the well site and the working area, and in failing to provide a sufficient and adequate amount of space for the wireline crew to use for the removal and dismantling of their equipment.
The defendants, Sohio Petroleum Company, Holston Well Services, Crutcher Resources Corporation, Continental Insurance Company, and Home Insurance Company, filed motions for summary judgment. On November 10, 1983, the district court granted the motion for summary judgment on behalf of the Sohio Petroleum Company, its liability insurer, Continental Insurance Company, and Holston Well Services, and dismissed the plaintiff's tort action against those parties.
The district judge found that wireline operations were a part of the regular trade, business or occupation of Sohio Petroleum Company and therefore under the provisions of La.R.S. 23:1061[1] Sohio was the plaintiff's "statutory employer". Inasmuch as Sohio was Mr. Berry's "statutory employer" the trial court concluded that his tort suit should be dismissed as his sole remedy against Sohio was in worker's compensation.
The district judge relied upon a line of cases which held that work performed by the employees of independent contractors during work over operations of an oil company's wells was part of the oil company's trade, business or occupation in finding that wireline operations were part of the regular trade, business or occupation of Sohio. Thibodaux v. Sun Oil Company, 218 La. 453, 49 So.2d 852 (1950), and Stelly v. Waggoner Estates, 355 So.2d 12 (La. App. 1st Cir.1978).
The plaintiff-appellant raises one issue on appeal: Whether the performance of wireline operations during the work over of an oil and gas well should be considered a *92 part of the regular trade, business or occupation of the oil company whose lease the well is on.
"Under [La.R.S. 23:1061] when a principal engages a contractor to perform work which is a part of the principal's trade, business or occupation, the principal remains liable for compensation to any injured employee of the contractor. When the work performed by the contractor is part of the principal's trade, business or occupation, workmen's compensation is the exclusive remedy of the contractor's injured employee."
Benson v. Seagraves, 436 So.2d 525 (La. 1983).
The appellant relies upon Louis v. Exxon Corporation, 441 So.2d 192 (La.1983)[2] and Benson v. Seagraves, supra, as the basis for his appeal. In Louis v. Exxon, supra, our Supreme Court held:
"Courts must look to the facts of each individual case to determine whether a particular activity is within the scope of a principal's trade, business or occupation. Generally, in order for a work or project to be within a principal's trade, business or occupation, it must be routine or customary, Benson v. Seagraves, 436 So.2d 525, 529 (La.1983); Reeves v. Louisiana & Arkansas Railway Co., 282 So.2d 503, 507-08 (La.1973), or some other type of activity which is necessary for the principal's day-to-day operations. Put another way, the works contemplated by the statute are those activities which are an actual part of the nature and purpose of the principal's enterprise. Extraordinary or nonrecurring constructions or repairs usually are outside the scope of the trade or business of manufacturing or production concerns. See 1C A. Larson, The Law of Workmen's Compensation § 491.12, at 9-24 to 29 (1982). Only when the enterprise is accustomed to engaging in such projects as a part of its regular activities would such construction type works be covered by the statute. In addition to the regularity or predictability of the activity, it is also important to determine whether the employer normally is equipped to handle such projects, both as to manpower and equipment. Id. at 9-41. General maintenance and repair work, which by their nature allow the smooth and continued operations of the principal, are within the scope of the statute. Barnes v. Sun Oil Co., supra [362 So.2d 761] at 764; 1C A. Larson, The Law of Workmen's Compensation § 51.23 (1982)."
The appellant argues that since Sohio Petroleum hired CRC Western Wireline, an independent contractor, to perform a specialized service on its well and because Sohio does not have the necessary equipment or manpower to perform that specialized task, Sohio should not be considered a "statutory employer" of CRC Western Wireline's employees.
We disagree with the plaintiff's contentions that Louis v. Exxon, supra, and Benson v. Seagraves, supra, are controlling in this matter. We further disagree with the plaintiff's argument that because Sohio did not have the equipment or the personnel available to perform the perforation work that it cannot be the statutory employer of the plaintiff, an employee of an independent contractor wireline service.
Louis v. Exxon, supra, and Benson v. Seagraves, supra, stand for the proposition that a principal must normally have the manpower and equipment with which to handle the project the independent contractor was hired to perform in order for the principal to be considered the statutory employer of the employee's independent contractor.
However both Louis v. Exxon and Benson v. Seagraves are cases dealing with the construction of new facilities for existing business operations. The principals in both of those cases were not in the construction business and hired an independent contractor to add on to their existing plants.
*93 The oil and gas exploration and production industry has historically and customarily operated in a unique manner. Because the industry is so reliant on highly technical procedures throughout the drilling process it would be impossible and in fact prohibitive for an oil company to maintain the personnel and equipment to drill, complete, or rework a well. Each and every process in the drilling and reworking of the well are inter-related, component, and vital parts of the successful business of oil production, therefore the custom of the industry has been to hire highly specialized independent contractors to perform the necessary inter-related tasks. The perforation of a well during work over operations is an essential part of the business of oil production. The factual statements contained in this paragraph result from a reading of the uncontested affidavits filed in connection with this summary judgment and by reference to certain cases in the jurisprudence, i.e. Thibodaux v. Sun Oil Co., supra, Stelly v. Waggoner Estates, supra, and Melancon v. Tassin, 427 So.2d 932 (La.App. 4th Cir.1983), writ denied, 433 So.2d 166 (La. 1983).
Because of the unique nature of the oil and gas industry we do not believe that "new construction" cases such as Louis v. Exxon, and Benson v. Seagraves, should be controlling.
We note that Professors Malone and Johnson, in their definitive treatise on worker's compensation, recognized the distinction that Louisiana courts have made between cases where the principal was involved in the construction of new facilities and cases dealing with the mineral production industry. In a discussion of § 1061 of Title 23 the authors cite Louis v. Exxon, and Benson v. Seagraves, and state: "There is little doubt that the courts' view of Section 1061 has become more expansive over the years. Perhaps the only activity that is still regularly considered outside the business of a principal is new construction..." Malone and Johnson, Worker's Compensation Section 126, Volume 13, (1980). Professors Malone and Johnson then go on to discuss the expansive view of cases involving mineral production.
We therefore hold that the district court was correct in granting the motion for summary judgment on behalf of Sohio Petroleum and Continental Insurance, and for dismissing the plaintiff's tort case against them. The perforating of wells during work over operations is part of Sohio Petroleum's business, therefore Sohio is the plaintiff's statutory employer and his only remedy against Sohio is in worker's compensation.
For the above and foregoing reasons the decision of the district court is affirmed. All costs on appeal to be assessed against plaintiff-appellant.
AFFIRMED.
NOTES
[1] La.R.S. 23:1061 provides:

"Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor."
[2] The Supreme Court's decision on rehearing in Louis v. Exxon, was handed down subsequent to the district court's ruling in this case.