476 So.2d 1132 (1985)
Sidney A. PORTIER, et al., Plaintiffs-Appellants,
v.
THRIFTY WAY PHARMACY, et al., Defendants-Appellees.
No. 84-701.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1985.
Rehearing Denied November 5, 1985.
Writs Granted December 20, 1985.
*1134 Edward P. Sutherland and James A. George, Baton Rouge, for plaintiffs-appellants.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Gary Kraus, Lafayette, Vance Ellefson, New Orleans, Charles Sonnier, Abbeville, Howard Martin, Voorhies & Labbe, Marc Judice, LaFayette, John Blackwell, New Iberia, for defendants-appellees.
Before DOMENGEAUX, FORET and YELVERTON, JJ.
DOMENGEAUX, Judge.
This lawsuit arose out of a single vehicle automobile accident resulting in severe injuries to the plaintiff, Sidney A. Portier. The plaintiffs-appellants, Sidney A. Portier and his wife Lisa Portier, appealed from the district court's grant of motions for summary judgment in favor of defendants-appellees, Gulf Oil Corporation and Petroleum Helicopters, Inc.
On May 22, 1980, Sidney A. Portier was treated by Dr. Howard Alleman (also a defendant in this action) for what was described as "muscle tension headaches". Doctor Alleman prescribed the drug Tranxene in an attempt to relieve the plaintiff's condition. The plaintiff proceeded to a Thrifty Way Pharmacy in Erath, Louisiana (also a defendant in this action) where he had the Tranxene prescription filled. The plaintiff testified during deposition that he took one Tranxene that night.
Early the following morning, May 23, 1980, the plaintiff and a co-worker, Mark Henson, departed Erath, Louisiana, in the plaintiff's pickup truck bound for Cameron from whence they were to be transported to a Gulf Oil Corporation offshore production platform. Mr. Portier and Mr. Henson were employed by R.W. Brasseaux and Associates as Instrument Technicians and were being sent to the Gulf Oil platform to perform duties pursuant to a contract between Gulf Oil Corporation and R.W. Brasseaux and Associates.
Upon arriving at the platform, Portier and Henson reported to Gerald Chapman, the Gulf employee in charge, and then began to inspect and service the equipment R.W. Brasseaux and Associates had contracted to maintain for Gulf Oil.
Approximately two to three hours after reporting to the production platform Mr. Portier began to complain that he felt groggy. He then approached Gerald Chapman, showed him the medicine, explained that he felt disoriented, and asked to be returned to shore.
Chapman contacted the PHI helicopter pilot who provided transportation for the Gulf Oil Production platforms in the vicinity and requested that he return Mr. Portier to the Petroleum Helicopter base in Cameron. The pilot flew Portier to the PHI base. Mr. Portier slept through most of the flight. At approximately 2:30 P.M. the PHI helicopter landed at the Cameron base and Mr. Portier alighted and walked to the parking lot.
At approximately 8:25 P.M. that day at a point some 30 miles east of Cameron Portier allowed his vehicle to leave the road causing it to flip over. The resulting injuries prompted this personal injury lawsuit.
The plaintiffs filed suit against Gulf Oil Corporation, Petroleum Helicopters, Inc. and other named defendants in both the Federal District Court for the Western District of Louisiana and the Fifteenth Judicial District Court.
Gulf Oil Corporation filed a motion for summary judgment in the Federal District Court alleging that it was immune from tort liability. The Federal District Court denied Gulf Oil's motion for summary judgment noting that factual questions existed *1135 as to whether Sidney Portier was or was not a borrowed servant of Gulf Oil and whether or not he was actually doing work for Gulf Oil.
We gather from the briefs that shortly after the ruling on the motion for summary judgment the federal proceedings were voluntarily stayed without prejudice by the plaintiff.
Subsequently, both Gulf Oil Corporation and Petroleum Helicopters, Inc. filed motions for summary judgment in the State district court. The district judge granted the summary judgments on behalf of Gulf Oil and PHI. In his written reasons for ruling the district judge stated:
"... The Court, however, concludes that there is no factual dispute and no basis for plaintiffs' recovery against Petroleum Helicopters, Inc., accordingly the Exception and Alternative Motion for Summary Judgment is sustained.
A Motion for Summary Judgment On Behalf of Gulf Oil Corporation directed to the plaintiffs' claim was heard. The court finds that a previous ruling on a similar Motion by the U.S. District Court for the Western District of Louisiana is not res judicata. Further the Court finds that there is no issue of material fact on the question of borrowed or statutory employee. The answer to this question without factual contradiction is shown to be affirmative. Plaintiff-Sidney A. Portier was a statutory employee of Gulf Oil Corporation and therefore is precluded from bringing the present action against Gulf Oil Corporation. The Motion is sustained."
There are four issues presented for our consideration on this appeal:
(1) Whether the Federal District Court's denial of Gulf Oil's Motion for Summary Judgment was res judicata on the issues of borrowed and statutory employee in the state district court.
(2) Whether there was no genuine issue of material fact present in the suit against Gulf Oil so as to justify the district court's grant of Gulf Oil's Motion for Summary Judgment.
(3) Whether there was no genuine issue of material fact present in the suit against PHI so as to justify the district court's grant of Petroleum Helicopter's motion for summary judgment.
(4) Whether the trial court erred in denying appellant's motion for new trial on the district court's granting of Gulf Oil's and PHI's motions for summary judgment.

ISSUE ONE
The appellants contend that the Federal District Court's denial of Gulf Oil's Motion for Summary Judgment is res judicata on the issues of whether the plaintiff was a statutory or borrowed employee of Gulf Oil or not. Therefore they assert that the state district court should have denied Gulf Oil's Motion for Summary Judgment as those issues had already been determined. We disagree.
In order for the doctrine of res judicata to be applicable, the judgment must be a final judgment. La.C.C. Art. 2286. Succession of Cameron, 446 So.2d 948 (La. App. 3rd Cir.1984), Fisher v. Rollins, 231 La. 252, 91 So.2d 28 (1956).
The denial of a motion for summary judgment is not a final judgment as an appeal does not lie from a court's refusal to render summary judgment. La.C.C.P. Art. 968. Savoy v. Doe, 315 So.2d 875 (La.App. 3rd Cir.1975), Cardean, Inc. v. Cannon, 307 So.2d 818 (La.App. 3rd Cir.1975).
Because the denial of Gulf Oil's motion for summary judgment in Federal Court was not a final judgment but rather a non-appealable interlocutory judgment it cannot be said to have the authority of a thing adjudged. We therefore hold that the Federal District Court's denial of Gulf Oil's motion for summary judgment was not res judicata on the issues of plaintiff's status as borrowed or statutory employee.

ISSUE TWO
The appellants contend that the district court erred in granting Gulf's Motion for *1136 Summary Judgment as there existed genuine issues of material fact which would preclude such action by the district court.
Gulf Oil filed its motion for summary judgment alleging among other things that it was the statutory employer of Sidney A. Portier and was therefore immune from suit in tort.
Annexed to Gulf's motion were the affidavits of Richard C. Hoss, Sr., the Overwater Production superintendent and R.F. Thomas, the Environmental and Safety Manager of Gulf Oil and Exploration Company, a division of Gulf Oil Corporation.
Mr. Hoss' affidavit attested that his job entailed the specific duty of assigning offshore instrument technicians. He stated that the instrument technicians are responsible for maintaining Gulf Offshore Production facilities in compliance with certain federal regulations pertaining to safety and environmental quality. Hoss deposed that he has personally supervised six named instrument technicians employed directly by Gulf and that because of the enormous volume of work required to remain in compliance with federal regulations Gulf must contract with companies to provide qualified instrument technicians. He went on to state that failure to comply with the federal regulations would result in penalties being assessed against Gulf Oil and furthermore the technicians are responsible for maintaining certain equipment necessary for the safe production of minerals.
Mr. Thomas' affidavit discussed the importance of the work of instrument technicians, explained what their job entailed as far as federal regulations and safety are concerned, and that Gulf employs instrument technicians directly but also hires independent contractors to perform work when needed.
The plaintiffs filed an opposition to Gulf Oil's Motion for Summary Judgment and attached thereto an affidavit of one of the plaintiffs, Sidney A. Portier, who attested that the employees of independent contractors did all of the inspection work on Gulf platforms and that Gulf did not have any employees whose jobs were identical or similar to his.
Based upon the affidavits, depositions and pleadings filed in this case, the district judge ruled that Gulf was entitled to summary judgment as Mr. Portier was a statutory employee of Gulf Oil and therefore Gulf was immune to a suit in tort.
On appeal the appellants argue that the summary judgment was improper as there existed genuine issues of material fact, particularly the fact that the defendant's affidavits did not state that Gulf directly employed instrument technicians during the same time period that plaintiff worked on Gulf platforms. The appellants further argue that because Gulf did not directly employ instrument technicians during the same time period that Sidney Portier worked on Gulf platforms that Gulf did not have the necessary manpower to perform this task. Therefore, the appellants assert the work of an instrument technician was not within the scope of Gulf Oil's trade, business, or occupation as required by La. R.S. 23:1061. The appellant bases his argument on Lewis v. Exxon, 441 So.2d 192 (La.1983), and states that that case requires that a principal must have the necessary manpower to handle the project the independent contractor was hired to perform in order for the principal to be considered the statutory employer of the independent contractor's employee.
We disagree with the appellant's contentions. Initially, we point out that the appellant's affidavit in opposition to Gulf Oil's motion for summary judgment was insufficient to prove that there was a genuine issue for trial.
La.C.C.P. Arts. 966 and 967 contain the statutory provisions for summary judgment.
Article 966 provides in part:
"A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has *1137 been filed. The defendant's motion may be made at any time.
B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
Article 967 provides in pertinent part:
"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him."
The jurisprudence has interpreted those articles to mean that:
"The party seeking summary judgment has the burden of showing the complete absence of a genuine issue of material fact. All doubts will be decided in favor of a trial on the merits and no summary judgment will be granted even if the trial court has grave doubts regarding a party's ability to establish disputed facts. City of Baton Rouge v. Cannon, 376 So.2d 994 (La.App. 1st Cir. 1979).
To determine whether there is a genuine issue of fact, a trial court must of necessity examine the merits. Despite the presence of disputed facts, summary judgment as a matter of law will be granted if the disputed issues of fact are so patently insubstantial as to present no genuine issues. Merely formal allegations without substance will not preclude summary judgment. City of Baton Rouge v. Cannon, supra; Metropolitan Bank of Jefferson v. Summers, 257 So.2d 179 (La.App. 4th Cir.1972), writ refused 261 La. 462, 259 So.2d 914 (1972)."
Gulf Oil's Motion for Summary Judgment, the attached affidavits, the pleadings and depositions in the record provide convincing proof that Gulf Oil was indeed the statutory employer of Sidney Portier.
"Once a motion for summary judgment has been made and supported, a party opposing the motion may not rest on the mere allegations of his pleadings but must set forth by way of affidavit or other receivable evidence specific facts showing a genuine issue for trial or else summary judgment will be rendered against him."
La.C.C.P. Art. 967. Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068 (La.App. 3rd Cir.1985), and Welch v. Daigrepont, 378 So.2d 607 (La.App. 3rd Cir. 1979).
The appellant's affidavit in opposition to Gulf Oil's Motion for Summary Judgment disputed Gulf's assertion that Gulf directly employed instrument technicians during the period that he worked on Gulf platforms. The appellants offered no specific factual details in support of their argument. We therefore hold that the district judge was correct in granting Gulf Oil's Motion for Summary Judgment inasmuch as there was no genuine issue of material fact.
Furthermore, in light of our present decision in Berry v. Holston Well Service, Inc., 467 So.2d 90 (La.App. 3rd *1138 Cir.1985), Gulf would have been entitled to summary judgment even if Gulf Oil did not directly employ instrument technicians during the same period that Mr. Portier worked on Gulf Production platforms.
In Berry, supra, we distinguished Louis v. Exxon, supra, and Benson v. Seagraves, 436 So.2d 525 (La.1983) as new construction cases. We held that because of the unique nature of the oil and gas industry and the highly specialized and technical skills required for the drilling for and production of oil and gas that the principal is not required to have the manpower and equipment necessary to perform the task the independent contractor was hired to perform in order for the principal to be considered the statutory employer of the independent contractor's employee.
At oral argument, the appellant cited for the first time the recent Louisiana Supreme Court case of Rowe v. Northwestern National Insurance Company, 471 So.2d 226 (La.1985), and argues that as this case is the high court's latest pronouncement on the statutory employer-employee issue, it should be controlling here. In Rowe, the plaintiff was an employee of Ace Electric Company. He was injured while reconnecting an electrical wire to a pump at defendant Cargill, Inc.'s bulk liquid import facility in Reserve, Louisiana. Cargill, Inc. is an agricultural company which deals with the marketing and transportation of agricultural commodities.
The pump had been removed from the Cargill facility six to eight weeks prior to the accident for routine maintenance, i.e., cleaning and rebuilding. After necessary repairs to the pump had been completed, the pump was reinstalled by Cargill employees. The plaintiff then made the necessary electrical connections to the pump. The pump was turned on for testing and as it operated, a coupling was thrown from the shaft, striking and injuring the plaintiff.
The Supreme Court held that Rowe, the plaintiff was not the statutory employee of Cargill, Inc. The Court reasoned that the routine maintenance of the pump was part of the trade, business or occupation of Cargill. However, as Cargill did not show that the disconnection and reconnection of the electricity (which allowed maintenance on the pump to be performed) was customarily done by Cargill employees, Cargill was not in the trade, business, or occupation of reconnecting electricity to the pump.
We feel that Rowe is readily distinguishable from the case before us. First, Gulf's affidavits state that Gulf Oil directly employed instrument technicians. Second, Rowe involves routine maintenance activities in a plant while in this case we are dealing with the complex integrated, interdependent, and interrelated operations required for the safe and efficient production of minerals. The unique nature of the oil industry would make it cost prohibitive for a single principal to directly employ all the individuals necessary to successfully drill for and produce oil and gas. However, during actual drilling and production each interrelated operation is so essential to success that all the component operations must necessarily be considered a part of the principal's trade, business or occupation. Consequently, every employee engaged in those operations must be considered a statutory employee.
Here, R. W. Brasseaux and Associates was hired to perform a highly specialized task essential to the safe production of minerals. Because that work is an essential part of the business of oil and gas production we hold that the district court is correct in concluding that Mr. Portier was performing a duty which was part of Gulf's trade, business, or occupation. Gulf Oil is the statutory employer of Mr. Portier and the granting of Gulf's Motion for Summary Judgment is correct.

ISSUE THREE
The appellants contend that the district court's grant of Petroleum Helicopter's Motion for Summary Judgment was incorrect as there existed genuine issues of material fact which would preclude the grant of summary judgment.
*1139 PHI filed its motion for summary judgment and alleged that based upon negligence law, PHI did not breach any duty it owed to Sidney Portier and thus was not responsible for the injuries that Mr. Portier received in the auto accident.
The district court ruled that PHI was entitled to summary judgment and dismissed the plaintiff's case.
The appellants assert that the grant of summary judgment was improper. They allege that PHI as a common carrier owed a high degree of care to a passenger which it knew or should have known was disabled. The appellants argue that a genuine issue of material fact existed as to whether PHI knew of the plaintiff's condition. Furthermore, the appellants assert that PHI did not meet its burden of proving that it is entitled to a judgment as a matter of law.
We are of the opinion that genuine issues of material fact existed which preclude summary judgment.
We note at the outset that:
"The summary judgment procedure is designed principally to decide issues of law in cases where the material facts are not in dispute. The procedure is therefore seldom appropriate in negligence cases in which the decision turns on a determination of whether or not a defendant's conduct constitutes a tort. Such a determination usually involves a factual dispute. Cosse v. Schwegmann Brothers Giant Supermarkets, 336 So.2d 1074 (La.App. 4th Cir.1976); Continental Casualty Company v. McClure 313 So.2d 260 (La.App. 4th Cir.1975)."
Bertrand v. Howard Trucking Company, Inc., 406 So.2d 271 (La.App. 3rd Cir.1981), writ denied, 410 So.2d 763 (La.1982).
The most glaring factual issue which we find precluding summary judgment is whether PHI is a private or common carrier. That consideration is of paramount importance to this case as it determines the duty imposed upon PHI in this negligence case.
In Louisiana a common carrier is one which transports persons and/or goods belonging to others for their benefit and for hire. A common carrier holds itself out as ready to engage to carry for persons generally and as willing to engage in transportation of goods or persons for hire as a public employment. Ciaccio v. New Orleans Public Belt Railroad, 285 F.Supp. 373 (E.D.La.1968).
A private carrier in Louisiana is distinguished from a common carrier by its "right to refuse transportation" to the general populace. Semon v. Royal Indemnity Company, 179 F.Supp. 403 (W.D.La.1959).
In 13 Am.Jur.2d Carriers, Section 8, Page 565, the general rule is stated:
"A private carrier is one who, without making it a vocation, or holding himself out to the public as ready to act for all who desire his services, undertakes, by special agreement in a particular instance only, to transport property or persons from one place to another either gratuitously or for hire. Private carriers are distinguished from common carriers in respect of (1) the obligation to carry and (2) the liability for loss or injury. Private carriers do not undertake to carry for all persons indiscriminately but transport only for those with whom they seem fit to contract, and are liable for only such loss or injury as results from a failure to exercise ordinary care, whereas common carriers undertake to carry any and all members of the public who desire such service, and are liable as insurers for the loss or injury of property, with certain exceptions, and for injuries to passengers resulting from a failure to exercise the highest degree of practicable care and diligence consistent with the mode of transportation and the normal prosecution of the carrier's business.
What constitutes a common or a private carrier is a question of law, but whether a carrier is actually serving as a private, rather than a common, carrier is a question of fact. Whether a particular transportation service is undertaken in *1140 the capacity of a private or of a common carrier must be determined by reference to the character of the business actually carried on by the carrier, and also by the nature of the service to be performed in the particular instance."
Here there is no evidence regarding whether PHI is a private or common carrier thus making it impossible to conclude whether the duty owed by PHI to Sidney Portier was the ordinary care required of private carriers or the highest degree of practicable care required of common carriers. As stated infra whether PHI served Gulf and/or Sidney Portier as a common or private carrier is a question of fact. As that factual question remains unanswered summary judgment was improper.
Furthermore, even should it have been concluded that PHI was indeed a common carrier, questions remain concerning whether PHI had knowledge of Mr. Portier's disability requiring the high degree of care expected of a common carrier when transporting the disabled.
In Crear v. National Fire & Marine Insurance Company, 469 So.2d 329 (La. App. 2nd Cir.1985), the Louisiana Second Circuit Court of Appeal considered the duty of a common carrier transporting a disabled party. There the court held:
"We further note that a common carrier's duty to assist a disabled passenger is not determined solely by the fact of disability. The disability must be one that has somehow been made known to the carrier, and must be one of sufficient seriousness to make assistance necessary under the circumstances presented. In 13 C.J.S. CARRIERS § 727, p. 1362, the general rule is stated: `In the absence of any apparent necessity for personal assistance to passengers boarding or alighting, the carrier is not required to furnish it.' Furthermore, `The employees of a carrier are not required to use diligence to discover the feeble condition of a passenger and his inability to help himself.' 13 C.J.S. CARRIERS § 727, p. 1364."
Generally, once a common carrier safely unloads a passenger the carrier's high duty of care ordinarily is considered as completely discharged. Crear v. National Fire and Marine Insurance Company, supra.
However, once the common carrier is aware of the passenger's disability either because of intoxication, youth, or feebleness, the carrier should exercise reasonable care to see that the passenger is not expelled, ejected, or abandoned in such a place or under such circumstances that he will be exposed to unnecessary perils. See Gates v. Bisso Ferry Company, 172 So. 829 (La.App.Orl.1937).
Considering the holding of Crear, the factual issue of whether Mr. Portier's disability was made known or was apparent to the PHI helicopter pilot or to a PHI employee is of extreme importance in determining what if any duty PHI might have had to Mr. Portier after he was discharged from the helicopter.
A thorough and exhaustive review of the depositions in this case, especially those with the PHI pilot, Foster D. Neil, Jr., the Gulf Company man, Gerald Chapman, and R. W. Brasseaux leave us with no conclusion but that a factual issue exists as to whether PHI, through its employees, had knowledge of Mr. Portier's disability.
We are only saying here that genuine issues of material fact exist which preclude a grant of summary judgment in favor of PHI. We make it clear, however, that we are expressing no opinion, nor is any to be inferred, as to what may ultimately result from a factual hearing.
Because of the genuine issues of material fact which remain unanswered in the suit between the Portiers and Petroleum Helicopters, Inc. we do not believe that summary judgment was proper and find that the district court erred for granting same.

ISSUE FOUR
Having determined that the district court's grant of summary judgment to PHI *1141 was improper and because of the relief granted appellants on that issue we need only consider whether the district court erred in having failed to grant a new trial to the Portiers against Gulf Oil.
La.C.C.P. Arts. 1972 and 1973 outline the criteria courts must use when determining when a party is entitled to a new trial.
La.C.C.P. Art. 1972 provides:
"A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
(3) When the jury was bribed or has behaved improperly so that impartial justice has not been done."
La.C.C.P. Art. 1973 provides:
"A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law."
The appellants maintain that the district court's grant of summary judgment to Gulf Oil was improper and a new trial should be granted because the court's judgment was clearly contrary to the law and evidence.
However, the appellant's motion for new trial merely reiterated issues which were thoroughly considered by the district court at the hearing on the original motion for summary judgment. In denying the new trial the district judge made it clear that it was not his function to rehear the early motion on the merits and that the application did not set forth any matters which were not considered in the original judgment. We find no error in the trial court's denial. See Caffery v. Powell, 320 So.2d 223 (La.App. 3rd Cir.1975).
For the above and foregoing reasons the decision of the district court granting Gulf Oil Corporation motion for summary judgment and denying Mr. and Mrs. Portier's motion for a new trial against Gulf Oil Corporation is affirmed.
The decision of the district court granting Petroleum Helicopters, Inc.'s motion for summary judgment is reversed and remanded to the district court for further proceedings not inconsistent with the views expressed herein.
One-half of the cost of this appeal to be assessed against plaintiffs-appellants, Sidney A. Portier and Lisa Portier. The remainder of costs on appeal to be assessed against Petroleum Helicopters, Inc.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED IN PART.