479 So.2d 944 (1985)
Lynn D. BERRY, Plaintiff-Appellant,
v.
HOLSTON WELL SERVICE, INC., et al., Defendants-Appellees.
No. 84-293.
Court of Appeal of Louisiana, Third Circuit.
December 11, 1985.
Dissenting Opinion December 12, 1985.
Writ Granted February 7, 1986.
*945 Jones, Jones & Alexander, Glenn Alexander, Cameron, for plaintiff-appellant.
Raggio, Cappel, Chozen & Berniard, Thomas L. Raggio, Lake Charles, Hall, Lestage & Landreneau, Wm. E. Hall, Jr., De Ridder, Stockwell, Sievert, Viccellio, Clements & Shaddock, Robert W. Clements, Lake Charles, and Caffery, Oubre, Dugas & Campbell, John Blackwell, New Iberia, for defendants-appellees.
Before DOMENGEAUX, STOKER and KNOLL, JJ.
DOMENGEAUX, Judge.
Plaintiff-appellant, Lynn D. Berry, an employee of CRC Western Wireline Services, Inc., filed this tort lawsuit against defendants-appellees, Sohio Petroleum Company, Holston Well Service, Inc., Crutcher Resources Corporation, Continental Insurance Company, (Sohio's liability insurer), and Home Insurance Company, (Holston's and Crutcher's liability insurer), for personal injuries he allegedly sustained while performing his duties as a member of an oilfield wireline crew during workover operations of a lease and well owned and operated by Sohio.
The district court granted a motion for summary judgment entered on behalf of Sohio Petroleum Company and Continental Insurance Company, thereby dismissing the plaintiff's tort demand against those two parties. In his oral reasons which were transcribed into the record the district judge ruled that Sohio was the statutory employer of the plaintiff and therefore not amenable to suit in tort.
The plaintiff appealed the district judge's ruling and we affirmed the decision in Berry v. Holston Well Service, Inc., 467 So.2d 90 (La.App. 3rd Cir.1985).
Mr. Berry applied for writs of certiorari and review to the Louisiana Supreme Court and the latter tribunal granted the application at 474 So.2d 1296 (La.1985) with the following language:
"Granted and remanded for reconsideration in light of Rowe v. Northwestern National Ins. Co., 471 So.2d 226 (La. 1985)."
We are somewhat confused by the high court's procedure. It has not reversed our original holding in Berry. It simply directs us to reconsider the Berry case in light of the Rowe case. If the court disagrees with our original decision in this case, its disagreement, it would seem, should be explained away by it rather than by us. However, we shall adhere to the mandate of the Supreme Court and reconsider in light of Rowe v. Northwestern National Insurance Company, 471 So.2d 226 (La. 1985).
In Rowe the plaintiff was an employee of Ace Electric Company. The plaintiff was injured while reconnecting an electrical wire to a pump at defendant Cargill, Inc.'s bulk liquid import facility in Reserve, La. Cargill, Inc. is an agricultural company which is engaged in the marketing and transportation of agricultural commodities.
*946 The pump had been removed from the Cargill facility six to eight weeks prior to the accident for routine maintenance, i.e., cleaning and rebuilding. After necessary repairs to the pump had been completed, the pump was reinstalled by Cargill employees. The plaintiff was then recalled to the Cargill facility where he made the necessary electrical connections to restore power to the pump. The pump was then turned on for testing and as it operated a coupling was thrown from the shaft which struck and injured the plaintiff.
The Supreme Court held that Rowe, the plaintiff, was not the statutory employee of Cargill, Inc. The court reasoned that the routine maintenance of the pump was part of the trade, business or occupation of Cargill. However, as Cargill did not prove that the disconnection and reconnection of the electricity allowing maintenance of the pump to be performed was customarily done by Cargill employees, Cargill was not in the trade, business or occupation of reconnecting electricity to the pump.
We feel that Rowe is readily distinguishable from the case before us, just as we explained in our original opinion that Lewis v. Exxon Corporation, 441 So.2d 192 (La.1983), and Benson v. Seagraves, 436 So.2d 525 (La.1983) were distinguishable. Rowe involves routine maintenance activities in a plant, while this case deals with the complex integrated, interdependent, and interrelated operations required for the safe and efficient discovery, recovery and production of minerals. The unique nature of the oil industry would make it cost prohibitive for a single principal to directly employ all of the individuals necessary to successfully drill for and produce oil and gas. During drilling, workover, and production of a well each interrelated operation is so essential to success that all of the component operations must necessarily be considered a part of the principal's trade, business or occupation and consequently every employee engaged in those operations must be considered statutory employees. The perforation of a well during workover operations on an oil or gas well cannot be equated to either the routine maintenance or the reconnection of electricity in the Rowe case.
We interpret Rowe as merely a reiteration and rearticulation of the jurisprudential rule of law found in Louis v. Exxon, supra, and Benson v. Seagraves, supra. We distinguished Louis v. Exxon and Benson v. Seagraves in our original opinion, as we here distinguish Rowe. A duplication of effort results when this Court is directed to reconsider our original opinion in light of legal principals we have already considered and distinguished in our initial holding.
We therefore adhere to our original holding that the district court was correct in granting the motion for summary judgment on behalf of Sohio Petroleum and Continental Insurance, and for dismissing the plaintiff's tort case against them. The perforating of wells during workover operations is part of Sohio Petroleum's business, therefore Sohio is the plaintiff's statutory employer and his only remedy against Sohio is in worker's compensation.
We have reconsidered this case in view of Rowe, as we originally considered it in light of Rowe's ascendants, Louis v. Exxon and Benson v. Seagraves, and we maintain that Rowe does not apply to the facts at hand.
We respectfully suggest, in instances such as this, that upon writ application, instead of remanding a case back to us for reconsideration, the Supreme Court should itself "take the matter up, decide it according to its own thinkings and rationale, and render its own opinion." Honeywell, Inc. v. Jimmie B. Guinn, Inc., 449 So.2d 1382 (La.App. 3rd Cir.1984), affirmed 462 So.2d 145 (La.1985).
The decision of the district court is reaffirmed.
STOKER, J., dissents and will assign written reasons.
STOKER, Judge, dissenting.
With respect I dissent from the majority holding in this case which reaffirms the *947 granting of a motion for summary judgment by the trial court. As may be gleaned from the majority opinion, this matter can only be understood in connection with a prior consideration of the case as reported in 467 So.2d 90. The prior decision was handed down on April 10, 1985 in an opinion written by Judge Domengeaux in which he was joined by Judges Doucet and King.
The case is back before us because the Louisiana Supreme Court granted writs and remanded it to us "for reconsideration in the light of Rowe v. Northwestern National Ins. Co., ...."
The Rowe case is now reported in 471 So.2d 226.
What is involved in Berry (the case presently before us) and what was involved in Rowe is the matter of dismissing on a motion for summary judgment a tort suit brought by an employee on the ground that the defendant or defendants are statutory employers of the employee.
In the Berry case the trial court granted a motion for summary judgment on behalf of Sohio Petroleum Company and Continental Insurance Company which dismissed them from plaintiff's tort demand on the ground that Sohio was his statutory employer. In the Rowe case the Louisiana Supreme Court granted writs after the Court of Appeal for the First Circuit affirmed the trial court's grant of a summary judgment to dismiss the mover as the statutory employer of the employee. Upon considering the case the Supreme Court reversed.
In reversing Rowe the Supreme Court appears to have signaled an intention, as Justice Lemmon put it in a concurring opinion, to re-examine "the expansive trend taken by the courts in recent years in the so-called statutory employer cases." Nevertheless, just what Rowe may mean is something which has not yet been clarified or fleshed out. All we know is that the Supreme Court is apparently engaged in rethinking the statutory employer concept in worker's compensation.
On November 7, 1985 a panel of which I was a member rendered the case of William Bonstill v. Goldsberry Operating Company, 478 So.2d 729 (La.App. 3d Cir. 1985). In that case we gave considerable attention to the Rowe case. In the Bonstill case we reversed a judgment granted upon motion for summary judgment against the plaintiff and the intervenor on the ground that the mover was the statutory employer of the plaintiff, and plaintiff's remedy was limited to worker's compensation. We remanded the case for a full-scale trial on the merits so that all facts and evidence could be adduced.
My own vote in the Bonstill case was prompted by the feeling that until the Supreme Court more clearly indicates its present interpretation of the statutory employer concept, motions for summary judgments based on former interpretations should not be granted. Assuming that under former interpretations a given case may present no material issues of fact, we are unable to divine whether there are no material issues of fact under whatever may emerge as the present interpretation of the concept. Under the circumstances judicial economy will be promoted if worker's compensation cases presenting statutory employer defenses are tried on their merits so that all facts which the higher court may deem pertinent will be a part of the record for consideration. This may in fact favor the litigants. Deciding a case on a motion for summary judgment brings before the court only such facts as the parties deem pertinent under former interpretations of the statutory employer. If the Supreme Court is moving toward a new interpretation of the concept of the statutory employer-employee relationship, perhaps the fleshing out of the interpretation will be forthcoming so that litigants and the lower court will know what facts are important under the new interpretation.
For the foregoing reasons I would recall our earlier ruling in this case and remand it to the trial court for trial on the merits. Such a position is consistent with the position I took in Bonstill.