525 So.2d 87 (1988)
Bobby BURLEIGH, Plaintiff-Appellant,
v.
SOUTH LOUISIANA CONTRACTORS, INC., et al., Defendants-Appellees.
No. 87-49.
Court of Appeal of Louisiana, Third Circuit.
March 2, 1988.
*88 Young, & Burson, LP, M. Terrance Hoychick, Eunice, for plaintiff-appellant.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Robert M. Mahony, Lafayette, Milling, Benson, Woodward, Hillyer & Pierson, Charles S. Seabolt/Patrick Talley, New Orleans, Fournet & Adams, James J. Adams, Lafayette, for defendants-appellees.
Before GUIDRY, YELVERTON and KNOLL, JJ.
YELVERTON, Judge.
Summary judgment was granted in favor of Louisiana Land and Exploration Company, Inc., holding it was the statutory employer of Bobby Burleigh under the Worker's Compensation Act, and dismissing it from a suit in tort brought by Burleigh. Plaintiff appeals. We reverse and remand.
Burleigh, an employee of Goldrus Drilling Co., Inc., alleges that he was injured on the job at a drilling site, Delahoussaye No. 1 Well, in Iberia Parish. He was carrying sacks of chemicals across a boardwalk when he tripped on protruding spikes and fell forward. When he put out his left hand to stop the fall, it was penetrated by another spike causing allegedly permanent injuries. He filed a suit in tort naming, among other defendants, Louisiana Land and Exploration Co., Inc., alleging that Louisiana Land had the drilling site in its possession and under its control, that the boardwalk was defective, and that Louisiana Land was liable to him under theories of negligence and strict liability.
Louisiana Land moved for summary judgment urging that it was plaintiff's statutory employer and therefore immune *89 from suit in tort. Its argument was based on an affidavit executed by its operations manager. The affidavit declared that Louisiana Land's trade, business and occupation includes the purchase of lease areas, the drilling, working and re-working of oil and gas wells, such as the Delahoussaye No. 1 Well, and production and transportation of minerals; that in connection with all phases of its activities, it engages service companies to perform work for it on mineral leases and production wells located on leases; that in this way it fulfills its obligations to develop and prudently produce and operate its mineral leases; and that on the date of this alleged accident Goldrus (plaintiffs employer) was performing drilling operations at the Delahoussaye No. 1 Well pursuant to a contract between Louisiana Land and Goldrus, in fulfillment of Louisiana Land's obligations under its mineral leases. As evidence of its "obligations under certain leases owned or acquired by Louisiana Land", there is attached to the affidavit a letter agreement between Louisiana Land and Linder Oil Company relative to Linder's participation in the drilling of the Delahoussaye No. 1 Well.
On this appeal Burleigh, arguing that the motion for summary judgment was improperly granted, presents two issues: (1) has Louisiana Land proffered sufficient facts to qualify as a statutory employer under the "trade, business and occupation" test of Berry v. Holston Well Service, Inc., 488 So.2d 934 (La.1986); and (2) is a mineral lessee automatically a statutory employer under the "two-contract" test?
The Louisiana Worker's Compensation Law provides that there are times when an owner or principal will be liable for worker's compensation to an employee of a contractor he engages. La.R.S. 23:1061 provides:
"Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; ..."
In such a case the principal is immune from tort liability, worker's compensation being the contractors' employees' exclusive remedy. R.S. 23:1032 provides:
"The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies ... against his employer, or any principal.... For purposes of this Section, the word `principal' shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof...."
The interpretations of R.S. 23:1061 and 23:1032 have been numerous, and expanding "tests" have developed for determining statutory employment and whether the statutory employer tort defense is available in a given fact situation. Recently, in Berry v. Holston Well Service, Inc., supra, the Supreme Court reviewed the question and announced a shift in "its interpretative analysis regarding the statutory employer defense from one which favored a liberal application of the doctrine to one which is more restrictive." 488 So.2d, at 937.
The ultimate question remains whether the contract work is part of the principal's trade, business or occupation. Before undertaking in the present case an analysis of this issue as directed in Berry v. Holston, we will discuss the "two-contract" theory of defense relied on by Louisiana Land, which is the defense apparently adopted by the trial judge.
*90 THE "TWO-CONTRACT" DEFENSE
The Supreme Court illustrates what the two-contract defense is in a footnote in Berry:
"[A]n owner contracts with a general contractor to do a job. The general contractor in turn contracts with a subcontractor for the `sub' to do the whole or a part of the total job contracted by the `general'. Under this contractual relationship, the contract work of the `sub' has been held in decisions of the intermediate courts to be automatically within the trade, business or occupation of the `general'. (Citations omitted) 488 So.2d at 936, n. 3."
The two-contract situation was defined in Barnhill v. American Well Service and Salvage, Inc., 432 So.2d 917 (La.App. 3rd Cir.1983) as "[a]nytime the principal contracts to do any work (whether part of the principal's regular trade, business or occupation being immaterial) and then contracts with another party for the performance of the work." The Louisiana Fifth Circuit in Thornton v. Avondale Shipyards, Inc., 479 So.2d 7 (La.App. 5th Cir.1985), describes this section 1061 defense as when "[t]he principal has contracted to perform some work for a third party and then contracts out all or part of the work to [a] subcontractor-employer."
In a construction project, a subcontractor's work is automatically considered to be part of the general contractor's trade if he is in the business of building. Thornton v. Avondale Shipyards, Inc., supra; Davis v. Material Delivery Service, Inc., 506 So.2d 1243 (La.App. 1st Cir.1987).
Louisiana Land urges that its case fits the two-contract defense because, as mineral lessee, it has a contract with the owners of the land to develop leased minerals, and in furtherance of that contract with the lessors, it subcontracted Delahoussaye No. 1 Well to Burleigh's employer. The only authority given us for this proposition is Nations v. Sun Oil Company (Delaware), 695 F.2d 933 (5th Cir.1983) where, interpreting Mississippi law in the context of a motion for summary judgment, the court stated that a welding company might be a subcontractor of the lessee of mineral rights so that the work the welding company contracted to perform might be a portion of the activity the lessee was contractually obligated to perform.
Whatever may be Mississippi law, we do not believe that the "oilfield exception" to the principles of statutory employment presently exists, if it ever existed, in this state. Berry v. Holston seems to make that clear. Before the Supreme Court took and decided Berry v. Holston on writs, the Third Circuit wrote two opinions in the case, reported at 467 So.2d 90 (La.App. 3rd Cir.1985) and 479 So.2d 944 (La.App. 3rd Cir.1985). Both opinions found statutory employment. In both its opinions, the Third Circuit emphasized that the principal, Sohio, was engaged in the discovery, recovery, and production of minerals. In its opinion the Supreme Court wrote that "[i]n essence the Third Circuit has created what might be called an `oilfield exception' to the principles of statutory employment." The Supreme Court said no more about the oilfield exception in the remainder of its opinion, and the remainder of its opinion suggests that it recognizes no such thing as an oilfield exception.
Relying on Berry v. Holston and its apparent holding that there is no exception for the oil and gas industry, the Second Circuit, in Teague v. Sawyer Drilling Company, 499 So.2d 127 (La.App. 2d Cir. 1986), found that an oil production company was not the statutory employer of the employee of an independent oilfield servicing entity with whom it had contracted.
Aside from the question of whether an exception exists for the oil and gas industry, we do not believe that the present facts present a two-contract situation. As illustrated by the quotations from cases above, the typical two-contract situation involves a particular general contract and a subsequent subcontract to do a part of the work included in the general contract Davis v. Material Delivery Service, Inc., supra. In the present case there is no summary judgment evidence of a general contract between the lessors of the mineral *91 interests and Louisiana Land, as lessee, to perform specific work at the time Louisiana Land subcontracted with Goldrus (Burleigh's employer). The leases are not in evidence. There was some relationship which arose under the leases, but that relationship has not been shown to constitute a contract that fits the two-contract situation, where the principal must first contract to do work and then contract for another to do all or part of that work. Such a liberal interpretation of the summary judgment evidence would be inconsistent not only with the well established rules regarding the disposition of summary judgment motions, but also with the Supreme Court's directive in recent cases to restrictively apply the statutory employer defense.
TRADE, BUSINESS OR OCCUPATION
Having found that Burleigh's work was not automatically within the trade, business, or occupation of Louisiana Land under the "two-contract" concept, it remains to be determined whether plaintiff was engaged in the trade, business, or occupation of the principal under the three level analysis of Berry v. Holston.
Under this analysis, looking at the entire scope of the work contract, the central question to be answered is whether the contract work is specialized or non-specialized. A sub-species of the specialty inquiry is whether Louisiana Land had the equipment and/or manpower capable of performing the contract work. In other words, did Louisiana Land ordinarily drill wells with its own employees? The answer to this question is found in Louisiana Land's affidavit supporting its motion for summary judgment. The affidavit declares that "it is substantially through the use of service companies (such as Goldrus Drilling Company, Inc.) that Louisiana Land fulfills its obligations to develop and prudently produce and operate its mineral leases, by assuring continued production when required." This declaration, while it does not negate its own employee capability for drilling wells, at least puts in question sufficiently for summary judgment purposes a genuine issue of material fact. There is enough in the affidavit to suggest that the ultimate answer to the overriding question posed by Berry v. Holston, is that in Louisiana Land's business, the contract work of drilling wells is normally carried on through independent contractors rather than employees. On these facts, as to Louisiana Land, the work of drilling wells becomes specialized per se and lies outside the scope of R.S. 23:1032.
For these reasons, we conclude that the summary judgment evidence does not support a finding that Burleigh was the statutory employee of Louisiana Land and Exploration Company. The summary judgment in favor of Louisiana Land is reversed and the case is remanded. Louisiana Land will pay costs of this appeal.
REVERSED AND REMANDED.