WILLIAMS, Judge.
This is an appeal by plaintiff Carroll To-pey and intervenor Liberty Mutual Insurance Company [“Liberty”] from summary judgment granted in favor of defendant Steiner Corporation.
Plaintiff Topey was injured in August of 1984, when his foot apparently became entangled in the towel of a continuous roll towel dispenser. The accident occurred at plaintiff’s place of employment, and he received worker’s compensation benefits. In-tervenor Liberty is the worker’s compensation insurer seeking to recover the benefits it paid to plaintiff. There were two towel dispensers mounted next to one another in the bathroom where plaintiff was injured. Plaintiff testified in deposition that he was injured because the towel in the dispenser *138 on the left was hanging down to the floor and his foot became caught in it.
Because the supplier, St. Bernard Linen Service, Inc. (also a defendant to this suit) mistakenly stated in an answer to interrogatories that the Steiner Corporation manufactured the towel dispenser that allegedly caused plaintiff’s injuries, Steiner was sued. Defendant, however, had made the dispenser on the right, while another company had manufactured the one on the left. Defendant then filed a motion for summary judgment with a supporting affidavit averring that the towel dispenser in question was the product of another manufacturer. Further discovery was held and plaintiff argued in opposition to the summary judgment motion that it was possible that the dispensers had been switched between the time of the accident and plaintiff’s deposition. The major point of plaintiff’s theory is that the walls of the bathroom were painted in late 1985 and that the relative position of the two dispensers could have been changed when the wall behind them was painted. (Although the dispensers were made by different manufacturers, there is some testimony in the record that would indicate that the mounting hardware is of such a similar nature so as to allow the dispensers to be hung interchangeably). No one, however, could specifically testify in deposition that this occurred. Furthermore, in support of its motion, defendant submitted an affidavit of an investigator who surveyed the bathroom approximately two months after the accident. The investigator stated that, at that time, the wall had not been repainted and defendant’s machine was on the right. He submitted a photograph taken at that time supporting his affidavit. Defendant also relied upon the deposition testimony of a representative of St. Bernard Linen who stated that, according to his records, defendant’s dispenser was on the right at all pertinent times.
Summary judgment is appropriate when there is no genuine issue of material fact and mover is entitled to judgment as a matter of law. In Portier v. Thrifty Way Pharmacy, 476 So.2d 1132 (La.App. 3d. Cir.1985), the court discussed summary judgment.
In this case, the only opposition to the motion is a conclusory affidavit by plaintiff’s counsel that there does exist a genuine issue of material fact and deposition testimony indicating that the wall was repainted at some time and that the dispensers might have been switched. This does not directly address the affidavits and deposition relied upon by defendant.
It is apparent that this is a situation for which summary judgment proceedings were clearly contemplated: a party, clearly without liability, mistakenly has been made a part of this litigation. The trial court was correct in granting the motion for summary judgment and its judgment, therefore, is affirmed. All costs of the appeal are to be borne by appellants.
AFFIRMED.