| iCOOKS, Judge,
dissenting.
Relying on H. Alston Johnson’s discussion in Louisiana Civil Law Treatise on worker’s compensation the majority elects to abandon the eases persuasively finding a temporal requirement is implicit in the two-contract statutory employer immunity defense. Seemingly Johnson, noting the eases finding such requirement necessary are consistent with a long line of cases, notwithstanding suggests (at least by implication) this body of jurisprudence is flawed because the jurists who authored the cases “are hostile to the defense and will do everything possible to restrict it as narrowly as possible.” There has been an artful, though insidious, move afoot to ascribe ill purpose to judges who follow the Supreme Court’s directive to re-strietively apply the statutory employment *1018 doctrine. See Burleigh v. South Louisiana Contractors, Inc., 525 So.2d 87 (La.App. 3 Cir.1988); Davis v. Material Delivery Service, Inc., 506 So.2d 1243 (La.App. 1 Cir.1987). The purpose they fear is as imaginary as the line Rthey have drawn to separate judges depending on their assessment of them as liberal or conservative. There are well accepted rules of statutory interpretation and jurisprudence that legitimately influence the decision making process.
The Louisiana Civil Code instructs “words of a law must be given their generally prevailing meaning.” La.C.C. article 11. When the words used are ambiguous or susceptible of different meaning we must search for legislative purpose or meaning by examining context and the text of the law as a whole. La.C.C. articles 10 and 12. If such inquiry is appropriate, well settled jurisprudence uniformly cautions that the workers’ compensation act is remedial in nature. To effectuate the humane policies it reflects, the law must be liberally construed in favor of the injured worker. Pinkins v. Cardinal Wholesale Supply, Inc. 619 So.2d 52 (La.1993); Breaux v. Travelers Ins. Co., 526 So.2d 284 (La.App. 3 Cir.1988); Hill v. L.J. Earnest, Inc. 568 So.2d 146 (La.App. 2 Cir.), writ denied 571 So.2d 652 (La.1990); Babineaux v. Brown & Root, Inc., 543 So.2d 946 (La.App. 5 Cir.1989); Huett v. Insurance Company of North America, 329 So.2d 222 (La.App. 4 Cir.), writ denied 332 So.2d 863 (La.1976); Compton v. North River Insurance Company, 281 So.2d 848 (La.App. 1 Cir.), writ denied 284 So.2d 336 (La.1973).
At the time of the accident, La.R.S. 23:1061 and La.R.S. 23:1032 read, in pertinent part, as follows:
§ 1061. Principal contractors; liability Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the ^employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
(Emphasis added.)
§ 1032. Exclusiveness of rights and remedies; employer’s liability to prosecution under other laws
The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word “principal” shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
(Emphasis added.)
While admitting the phrase “had contracted to perform” speaks in past tense with respect to the “first” contract, H. Alston Johnson finds ambiguity in the second phrase, “and contracts with any person” which he argues “could just as well mean that [the principal] has a standing agreement with another person to provide labor, for example, on the jobs that he contracts to do for other people.” The latter interpretation he argues is possible though “and contracts” is future in tense and makes no mention of any “standing agreement.” “In sum”, he *1019 concludes, “the statutory exegesis does not appear to require a ‘temporal sequence’ to the two contract theory.” Acceptance of this conclusion necessarily requires us to “stretch the Act” and, thereby, commit the very act Mr. Johnson finds objectionable. Judges jare not granted the same freedom to edit, modify, read-in, or dispense with statutory language. When statutory language is susceptible of different meaning, as suggested by Mr. Johnson’s “could just as well” reading of Section 1061, then we must accord it “the meaning that best conforms to the purpose of the law.” When a statute is dubious or ambiguous, the interpretative scale tips in favor of the workers. This is so, not because certain judges are “uneasy with the scope of the [statutory employer] defense,” but results from the rules of statutory interpretation which instruct such language must conform with the purpose of the Worker’s Compensation Act.
In Burleigh v. South Louisiana Contractors, Inc., 525 So.2d 87 (La.App. 3 Cir.1988), this court said:
As illustrated by the quotations from the cases above, the typical two-contract situation involves a particular general contract and a subsequent subcontract to do a part of the work included in the general contract ... There was some relationship which arose under the leases, but that relationship has not been shown to constitute a contract that fits the two-contract situation, where the principal must first contract to do work and then contract for another to do all or part of that work. Such a liberal interpretation of the summary judgment evidence would be incon- • sistent not only with the well established rules regarding the disposition of summary judgment motions, but also with the Supreme Court’s directive in recent cases to restrictively apply the statutory employer defense. Id. at 90-91. (Emphasis added.)
Moreover, the court, in Peterson v. BE & K Inc. Of Alabama, 94-0005 (La.App. 1 Cir.); 652 So.2d 617, writ denied, 95-0818 (La. 5/12/95); 654 So.2d 350, stated the following:
The two-contract situation also has temporal requirements, namely, that the principal must first contract to do the work and then contract for the subcontractor to do all or part of the work.
Id. at 625. See also Crop v. Bollinger Machine Shop and Shipyard, Inc., 578 So.2d 945 (La.App. 1 Cir.1991).
[ .^Furthermore, the Fourth Circuit, in Taylor v. Broadmoor Corporation, 623 So.2d 674 (La.App. 4 Cir.1993), stated:
This is significant in that there is some authority for a “temporal requirement” in the “two-contract” statutory employer defense. “The ease law on the two-contract defense has established a requirement that the general contraetor/principal must prove that he entered into a general contract to do certain work prior to entering his contract with the plaintiffs employer to perform a part of that work.”
Id. at 676.
The majority in this ease elects to abandon the codal laws of interpretation, and dismiss the directives of the Louisiana Supreme Court as well as the considered opinions of our colleagues on the first and fourth appellate circuits. I must disagree with them not because I am fueled by any “easiness” with the statutory employer defense but because I am “charged” by the code and the Supreme Court.