360 So.2d 599 (1978)
John David ATCHISON
v.
ARCHER-DANIELS-MIDLAND COMPANY.
No. 9231.
Court of Appeal of Louisiana, Fourth Circuit.
June 13, 1978.
Rehearing Denied July 26, 1978.
*600 Daniel E. Becnel, Jr., Reserve, for plaintiff-appellant.
Joseph P. Henican, III, Henican, James & Cleveland, New Orleans, for defendant-appellee.
Before SAMUEL, REDMANN and STOULIG, JJ.
REDMANN, Judge.
Defendant employer designed and constructed grain bins and their feeder system (screws, drive shaft and pneumatic lines) which defendant employed at its grain facility. Plaintiff, an employee of defendant, lost his leg at an accident while at work at that facility.
Plaintiff alleged that improper design and construction by defendant caused his loss. He seeks to hold defendant liable under a theory of "products liability" and he argues that the exclusivity of workmen's compensation, La.R.S. 23:1032, excludes only ordinary tort liability and not products liability. We reject this argument and affirm the dismissal of his action against his employer.
"Products liability" is but a catchword, a descriptive categorization, like "slip and fall" or "medical malpractice". The liability that arises in any of these categories is the result of fault causing damage; La.C.C. 2315. Accordingly, we see no reason to justify escape for products liability from R.S. 23:1032's peremptory denial "of all other rights and remedies" against the employer. A stranger is liable for injury caused by his defective product, just as he is liable for injury caused by dropping a hammer. It is no more unfair, and no more fair, in one instance of asserted liability than in the other, to trade that liability for workmen's compensation liability when the alleged tortfeasor is the employer of the injured person.
The wording of R.S. 23:1032 is unmistakable. No constitutional infirmity is suggested as arising in the case of products liability. There is no cause of action in "products liability" against one's employer for injury for which the employer owes workmen's compensation.[1]
Affirmed.
NOTES
[1] Accord, Winkler v. Hyster Co., 1977, 54 Ill.App.3d 282, 12 Ill.Dec. 109, 369 N.E.2d 606.