415 So.2d 1002 (1982)
Gerald TOMASICH
v.
UNITED STATES FIDELITY & GUARANTY COMPANY, et al.
No. 12973.
Court of Appeal of Louisiana, Fourth Circuit.
June 8, 1982.
Owen J. Bradley, Michael R. Guidry, New Orleans, for plaintiff-appellant.
Montgomery, Barnett, Brown & Read, Terry J. Freiberger, New Orleans, for defendants-appellees.
Before GULOTTA, GARRISON and BARRY, JJ.
GULOTTA, Judge.
Plaintiff appeals from the dismissal, on an exception of no cause of action, of his suit against his employer, S. K. Whitty & Company, Inc. and its liability insurer, United States Fidelity & Guaranty Company, for injuries arising out of and in the course of his employment. Although no written reasons were assigned by the trial judge, it is apparent that the basis for the dismissal was a conclusion that plaintiff's exclusive remedy against his employer was in worker's compensation. (LSA-R.S. 23:1032). We affirm.
It is plaintiff's contention that Whitty was sued not as an employer but as the manufacturer and designer of equipment that caused injury to him. According to plaintiff, under the doctrine of "dual-capacity", an employer, normally shielded from tort liability by worker's compensation legislation, may become liable in tort to his employee if the employer has a second capacity conferring additional, independent obligations beyond those of an employer.
The pertinent allegations of plaintiff's petition are:

"V.
S. K. WHITTY & COMPANY, INC. is a corporation doing business within the jurisdiction of this Honorable Court, and, at all times pertinent hereto, was the manufacturer and/or designer of the leads which caused injury to the plaintiff.

VI.
On or about August 15, 1979, while the plaintiff was engaged in the course and scope of his employment for his employer, *1003 S. K. WHITTY & COMPANY, INC., he was required to climb up the lead whereupon the crane operator swung the hammer over the lead. The plaintiff was required to take the base of the hammer to try to guide it into the lead, when his right arm was suddenly and violently caused to be jammed between the hammer and the lead.

XIX.
In addition to insuring the liability of the individual defendants sued herein, UNITED STATES FIDELITY & GUARANTY COMPANY, at all times pertinent hereto, was the liability insurer of all employees of S. K. WHITTY & COMPANY, INC. from the time of its existence. All of these employees were negligent in the manner enumerated above."
Taking the above allegations as true, for purpose of deciding the exception of no cause of action, we find no error in the trial judge's dismissal of plaintiff's suit against Whitty. Plaintiff's allegations against his employer as "the manufacturer and/or designer of the `leads' which caused injury", even if viewed as an assertion of "products liability", do not compel a different result. As this court held in Atchison v. Archer-Daniels-Midland Co., 360 So.2d 599 (La.App. 4th Cir. 1978), writ denied, 362 So.2d 1389 (La.1978), where a plaintiff alleged improper design and construction of certain equipment by his employer had caused his injury while at work, there is no cause of action in "products liability" against one's employer for injury for which the employer owes worker's compensation. Our decision in Atchison is dispositive of the issue in this case. Moreover, we know of no Louisiana authority following the "dual-capacity" doctrine cited by plaintiff.[1]
Having concluded that plaintiff's exclusive remedy against Whitty is in worker's compensation, it follows that U.S.F. & G., as Whitty's liability insurer, cannot be held liable for Whitty's alleged fault.
Accordingly, the judgment maintaining defendants' exception of no cause of action is affirmed.[2]
AFFIRMED.
NOTES
[1] In support of the dual-capacity argument, plaintiff cites Vol. 2A Larson's Workmen's Compensation, Sec. 72-80 and a number of non-Louisiana cases.
[2] For purposes of clarity, we point out that our judgment only affirms the trial court's maintaining of the exception of no cause of action filed by U.S.F. & G. and Whitty together, and the dismissal of plaintiff's claims against Whitty and U.S.F. & G. in the capacity as Whitty's liability insurer. A separate exception of no cause of action filed by U.S.F. & G. alone, concerning plaintiff's allegations of U.S.F. & G.'s independent, not vicarious liability based on U.S.F. & G.'s independent failure to inspect the premises, was overruled by the trial court. U.S.F. & G. has not appealed that judgment, and, hence, plaintiff's suit as against U.S.F. & G. on those allegations remains viable.