442 So.2d 679 (1983)
Earnest Ray SMITH
v.
AMF TUBOSCOPE, INC., et al.
No. 83 CA 0205.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
Patrick D. McArdle, New Orleans, for plaintiff.
Huntington B. Downer, Jr., Waitz, Downer & Best, Houma, for defendant Patterson Inspection Ser. Inc.
Douglas C. Longman, Jr., Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Lafayette, for AMF Tuboscope, Inc.
Don L. Broussard, Lafayette, for Travelers Ins. Co.
Before SHORTESS, LANIER and CRAIN, JJ.
LANIER, Judge.
This is a suit for damages in tort alleging, in part, that a statutory employer (La. R.S. 23:1061) is liable for injuries sustained by a statutory employee from a defect in equipment manufactured by the statutory employer. The statutory employer filed a motion for summary judgment contending that the employee's exclusive remedy was workmen's compensation and that it was immune from suits of this type (La.R.S. 23:1032). The trial court granted the summary judgment and dismissed the claim against the statutory employer with prejudice.[1] This devolutive appeal followed.

*680 FACTS
On January 4, 1980, Gulf Oil Exploration & Production contracted with AMF Tuboscope, Inc. (AMF) to inspect an allotment of pipes for defects. The inspections were normally performed by AMF employees with a testing machine designed and manufactured by AMF. AMF had a shortage of employees to do the job and contracted with Roustabouts, Inc. to furnish laborers. The plaintiff, Earnest Ray Smith, was an employee of Roustabouts, Inc. and was sent to the AMF yard to help inspect the pipes. While engaged in running pipe through the pipe testing machine, Smith sustained an injury to his right hand. Smith claims that the rollers on the testing machine were not working properly which caused his hand to be caught between two pipes and injured.

PRODUCTS LIABILITY OF STATUTORY EMPLOYER
Smith does not contest the fact that he was a statutory employee of AMF. Instead, he contends that since AMF designed and manufactured the testing machine which caused injury to him he has an independent cause of action against AMF arising under the theory of "products liability".
When a principal engages a contractor to perform work which is a part of the principal's trade, business or occupation, the principal remains liable for compensation to any injured employee of the contractor. La.R.S. 23:1061.[2] When the work performed by the contractor is part of the principal's trade, business or occupation, workmen's compensation is the exclusive remedy of the contractor's injured employee. La.R.S. 23:1032; Lewis v. Exxon Corporation, 441 So.2d 192 (La.1983), rehearing granted June 24, 1983; Thibodaux v. Sun Oil Co., 218 La. 453, 49 So.2d 852 (1950); Moses v. Vulcan Materials Company, 388 So.2d 117 (La.App. 1st Cir.1980), writ denied 392 So.2d 1058 (La.1980). In particular, La.R.S. 23:1032 provides, in pertinent part, as follows:
The rights and remedies herein granted to an employee ... on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee ... against his employer, or any principal ... for said injury, or compensable sickness or disease. For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof. (Emphasis added).
The legislature has not made "products liability" an exception to the exclusive workmen's compensation remedy. There is no cause of action in "products liability" by an employee against his employer or statutory employer for injury for which the employer or statutory employer owes workmen's compensation. Braud v. Dixie Machine Welding & Metal Works, Inc., 423 *681 So.2d 1243 (La.App. 5th Cir.1982), writ denied 430 So.2d 77 (La.1983); Tomasich v. United States Fidelity & Guaranty Company, 415 So.2d 1002 (La.App. 4th Cir. 1982), writ denied 420 So.2d 446 (La.1982); Courtney v. BASF Wyandotte Corporation, 385 So.2d 391 (La.App. 1st Cir.1980), writ denied 386 So.2d 359 (La.1980); Atchison v. Archer-Daniels-Midland Company, 360 So.2d 599 (La.App. 4th Cir.1978), writ denied 362 So.2d 1389 (La.1978).

PAYMENT OF COSTS BY INDIGENT
Although Smith has proceeded in this appeal in forma pauperis, he is responsible for payment of the costs of this appeal because he failed to prevail. La.C. C.P. art. 5188; Williams v. Dupre, 347 So.2d 1214 (La.App. 1st Cir.1977).

CONCLUSION
For the foregoing reasons, the judgment of the trial court is correct and is affirmed. The appellant is cast for the costs of this appeal.
AFFIRMED.
NOTES
[1] After the statutory employer filed its motion for summary judgment, the employee added the statutory employer's insurer as a party defendant by way of an amended petition. The judgment dismissing the claim against the statutory employer did not dismiss the claim against the statutory employer's insurer.
[2] This statute reads as follows:

Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.