451 So.2d 1333 (1984)
Laurence J. DAUPHINE, Jr. and Diana L. Dauphine
v.
F.W. WOOLWORTH CO., et al.
No. 83 CA 0948.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
*1334 Richard L. McGimsey, Baton Rouge, for plaintiff-appellant Diana L. Dauphine.
Grayson H. Brown, Baton Rouge, for defendants-appellees F.W. Woolworth Co. and Travelers Ins. Co.
A. Michael Dufilho, Baton Rouge, for Kinney Shoe Corp.
Before COVINGTON, C.J., and COLE and SAVOIE, JJ.
SAVOIE, Judge.
Plaintiffs, Laurence J. Dauphine, Jr. and Diana L. Dauphine, appeal the trial court's dismissal of their products liability suit as to defendants, F.W. Woolworth Co. and The Travelers Insurance Company, insurer of F.W. Woolworth Co.
Plaintiff, Diana L. Dauphine, an employee of F.W. Woolworth Co., purchased a pair of shoes at her place of employment. The shoes were manufactured by Kinney Shoe Corporation. As she was leaving work several days later, the heel of one shoe broke, causing her to fall down a flight of stairs. She was injured as a result of the accident.
In a separate suit, plaintiffs settled Diana's workmen's compensation claim with Woolworth and Travelers, the basis of that claim being that she was injured during the course of her employment. There remains this claim in products liability against Woolworth, Travelers and Kinney.
Woolworth and Travelers filed a motion for summary judgment on the grounds that workmen's compensation, specifically La. R.S. 23:1032, provides an exclusive remedy for an employee. The trial court granted the motion, dismissing the suit against Woolworth and Travelers. Plaintiffs appeal that judgment.
Plaintiffs assert that the trial court erred in granting defendants' motion for summary judgment because their claim does not fall under the exclusivity of workmen's compensation provided by La.R.S. 23:1032. Plaintiffs contend that this claim is not subject to the exclusivity of La.R.S. 23:1032 since it does not arise as an employee/employer relationship, but rather as a buyer/seller relationship.
This is a suit for damages based upon fault, whether it be titled products liability or ordinary tort. Accordingly, we see no justification for appellants' claim that La. R.S. 23:1032 should not be applied.
The wording of La.R.S. 23:1032[1] is clear and unmistakable that an action in workmen's *1335 compensation is the exclusive remedy of an employee against his employer. Braud v. Dixie Machine Welding & Metal Works, Inc., 423 So.2d 1243 (La.App. 5th Cir.1982), rehearing denied, January 17, 1983; writ denied, 430 So.2d 77, 78 (La. 1983); Tomasich v. United States Fidelity & Guaranty Company, 415 So.2d 1002 (La.App. 4th Cir.1982), writ denied, 420 So.2d 446 (La.1982). There are two specific exceptions to the foregoing rule provided by the statute, neither of which is applicable to this case. Therefore, the liability of Woolworth and Travelers is limited to that provided by the workmen's compensation law. The workmen's compensation claim has been settled by the parties. Thus, the trial court's dismissal of the suit pursuant to the motion for summary judgment was proper.
For the above and foregoing reasons, the judgment of the trial court is, therefore, affirmed. Costs are to be borne by appellants.
AFFIRMED.
NOTES
[1] "The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word `principal' shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.

"Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
"The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and 2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section."