LANIER, Judge.
This is a suit for damages in tort alleging that an employee of a nonprofit country club was injured when the negligence of a member of the Board of Directors of the country club caused the club stove to explode and injure the employee. Made de *923 fendants in the suit were the director, his personal liability insurer and the country club’s insurer. The director and his personal insurer filed a peremptory exception pleading the objections of no cause of action and no right of action and filed a motion for summary judgment. These pleadings contended that the director’s actions were solely within the scope and course of his duties as a member of the Board of Directors of the country club, that the employee had no right and no cause of action under the provisions of La.R.S. 23:1032 and that there was no genuine issue of material fact. After a hearing, the trial court sustained the peremptory exception as to both objections, granted the motion for summary judgment and dismissed the suit “against all parties”.
FACTS
Prior to June 1, 1983, Glenn Carr was elected to the Board of Directors (Board) of the Belleview Golf and Country Club (Club) located in Franklin, Louisiana. He was then appointed by the Board as chairman of the Greens and Grounds Committee. The Board determined to make the Club kitchen again operational and, to save money, decided to make the necessary repairs and renovations themselves. Carr and other Board members undertook this work.
Carr and others cleaned the gas stove in the kitchen during the week prior to June 1, 1983. Thereafter, a leak was discovered in the stove. Carr dismantled the stove and attempted to fix the leak.
Gary Edmund Crabtree, the minor son of Gary Eugene Crabtree and Karen Marie Crabtree, was given summer employment by the Club in 1983 as a general helper. On May 30 and 31, 1983, young Crabtree used the Club’s kitchen stove to cook hamburgers for lunch. However, on June 1, 1983, he was attempting to light the stove when it exploded and injured him.
EXCLUSIVENESS OF WORKER’S COMPENSATION REMEDY
(Assignments of Error 1 and 2)
La.R.S. 23:1032 provides, in pertinent part, as follows:
The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease.
[[Image here]]
The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; ,..
[Emphasis added.]
The trial court held that because of La.R.S. 23:1032 Crabtree could not sue Carr (a director of the Club) since his exclusive remedy was worker’s compensation. Appellants contend the trial court committed error in this ruling because (1) Carr did not have an employment relationship with the Club at the time of the accident and, in the alternative, (2) Carr was not engaged in the normal course and scope of his employment at the time of the injury.
In Topole v. Eidson, 464 So.2d 406, 409 (La.App. 1st Cir.1985), appears the following:
The law applicable to summary judgments is set forth in Massingale v. Sibley, 449 So.2d 98, 100 (La.App. 1st Cir.1984), as follows:
The law is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. Code *924 Civ.P. art. 966; Stallings v. W.H. Kennedy & Son, Inc., 382 So.2d 787 (La.1976). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976). The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment.
In Nathans v. Vuci, 443 So.2d 690, 696 (La.App. 1st Cir.1983), this court observed as follows:
It is well settled that a summary judgment should be granted only if there is no genuine issue of material fact and mover is entitled to judgment as a matter of law. Under LSA-C.C.P. art. 967, an adverse party may not rest upon the mere allegations or denials in his pleadings when a motion for summary judgment is made and supported by sufficient evidence.
Stated another way, on a motion for summary judgment, it must first be determined that the supporting documents presented by the moving party are sufficient to resolve all material issues of fact. If they are not sufficient, the motion for summary judgment should be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that a material fact is still at issue; only at this point may he no longer rest on the allegations contained in his pleadings.
In certain instances, the failure of an adverse party to file opposing evidence does not automatically entitle the moving party to summary judgment. However, if the moving party has established both that there is no genuine issue as to material fact and that he is entitled to judgment as a matter of law, it is incumbent upon the adverse party to come forward with specific facts showing that there is a genuine issue for trial. LSA-C.C.P. art. 967.
In determining whether material issues have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. [Emphasis supplied.] [Citations omitted.]
Nonprofit social corporations (such as the Club) are subject to the provisions of the Louisiana Worker’s Compensation Law. Meyers v. Southwest Region Conference Association of Seventh Day Adventists, 230 La. 310, 88 So.2d 381 (1956); W. Malone & H. Johnson, 13 Louisiana Civil Law Treatise, Worker’s Compensation Law and Practice § 95, 210-212 (1980). There is no dispute over the fact that Carr was a director of the Club when work was done by him and others on the stove prior to the accident and also on June 1, 1983, when the accident occurred. As such, Carr is entitled to the civil immunity of La.R.S. 23:1032 unless he was “not engaged at the time of the injury in the normal course and scope of his employment” with the Club. We must review the pleadings and associated documents of record to see if the law and undisputed facts support the trial court’s judgment.
The affidavit of Carr asserts that the work he “performed on the stove was done purely, simply and wholly on account of his membership in, stockholding interest in, and director’s status with regard to, said corporation.” The affidavit of Bob Senette, the chairman of the committee which had authority over the stove, states that he was a director and that the work done by Carr on the stove “was done purely, simply and wholly on account of his membership in, stockholding interest in, and director’s status with regard to said corporation.” The affidavit of Mr. and Mrs. Crabtree states that at the time of the accident they were members in good standing and stockholders in the Club and that “GLENN CARR, was not employed by the Belleview Golf & Country Club and was not acting within the normal scope and course of any employment with the Belle-view Golf & Country Club, when this acci *925 dent occurred.” These statements are merely formal allegations without substance and are not controlling in a motion for summary judgment; specific factual details are necessary. Portier v. Thrifty Way Pharmacy, 476 So.2d 1132 (La.App. 3rd Cir.1985); Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068 (La.App. 3rd Cir.1985); Aydell v. Charles Carter & Company, Inc., 388 So.2d 404 (La.App. 1st Cir.1980), writ denied, 391 So.2d 460 (La.1980).
The Club’s Articles of Incorporation and bylaws and the deposition of Carr do have specific factual details. Under the Articles of Incorporation, the affairs of the Club shall be managed by the Board. Under the bylaws, the House (Clubhouse) Committee is composed of five members appointed by the Board, one of whom is a member of the Board and serves as chairman of the committee. This committee directs the operation, maintenance, management and improvement of the Clubhouse, subject to the Board.
In his deposition, Carr testified he was a stockholder in the Club and was elected a director on the Board during the month prior to June 1, 1983. He was then appointed by the Board as chairman of the Greens and Grounds Committee. The Board determined to reactivate the Club kitchen. Because the Club was in bad financial condition, the members of the Board did work for the Club “to forgo the expenses of hiring somebody else.” Bob Senette was chairman of the House Committee which was in charge of the kitchen, and it was probably he who made the specific decision to clean the stove. Carr was not on the House Committee, but members of the Board worked on the various committees. The work on the stove was done by Allen Clanton, Buddy Foreman, Bob Senette, Carr and young Crabtree. Carr was self-employed and received no compensation for the work he did for the Club. “This Club don’t run like probably the normal Club does. People get together and do the job that needs to be done.” Carr was not present when the stove exploded.
The appellants contend correctly that Carr did not have an employer-employee relationship with the Club. From this premise, they argue that when Carr worked on the stove he could not have been engaged in the normal course and scope of his employment with the Club and, therefore, he is not entitled to immunity from civil liability. The statutory law here in question was enacted by Act 147 of 1976. The purpose of this legislation is discussed in Legislative Symposium: Employment and Labor Law, 37 La.L.Rev. 181-183 (1976) as follows:
Under workmen’s compensation systems, employees theoretically relinquish their remedies in tort against their employers in order to secure a guaranteed compensation without having to prove that the employer was at fault. In Louisiana, as in most systems, the employee retains his right to bring a tort suit against anyone other than his employer who was responsible for the accident. Louisiana courts have experienced difficulty in determining the limits of the category of third parties amenable to suit in tort. It has been held that executive officers, employees who are also stockholders, and partners may be sued in tort if their negligence contributes to the industrial accident. This jurisprudence has been criticized because, as a practical consequence, employers have been required to carry liability insurance to cover the negligence of their official personnel in addition to their company’s compensation insurance. This has caused an undermining of the policy of the compensation act because the employer must satisfy tort judgments rendered against those for whom he is responsible.
To prevent this circumvention of the basic compensation design, the 1976 legislature made compensation the exclusive remedy of the employee against “his employer, or any principal or any officer, director, stockholder, partner, or employee.” The tort immunity does not cover these parties, however, when they are *926 not engaged in the normal course and scope of their employment at the time of the injury. [Emphasis added.] [Footnotes deleted.]
The words officer, director, stockholder, partner and employee are separated by the disjunctive conjunction “or”. La.R.S. 1:9; Mayor and Council of Morgan City v. Ascension Parish Police Jury, 468 So.2d 1291 (La.App. 1st Cir.1985). Thus, any one of these legal relationships to the Club (corporation) is entitled to the immunity. Specifically, a director does not have to be an employee of (have an employer-employee relationship with) a corporation to be entitled to the immunity. The phrase “engaged ... in the normal course and scope of his employment” when used with the status of corporate director obviously contemplates the normal course and scope of the director’s duties with the corporation. This argument is without merit as a matter of law.
In the alternative, the appellants contend Carr is not entitled to civil immunity because he was not acting in the course and scope of his employment (duties) as director when he worked on the stove but, instead, was acting as a volunteer helper. The specific factual details of the Club’s Articles of Incorporation and bylaws and Carr’s deposition stand unrebutted in the record before us. It is undisputed that the Board was authorized to operate and manage the Club, the Board determined to reactivate the kitchen and the chairman of the House Committee probably made the specific decision to clean the stove. It is undisputed that when Carr worked on the stove he was rendering services for the Club and that the Board, through its members, performed services for the Club to avoid financial obligations the Club could not afford. In this factual posture, the services performed by Carr were part of his duties as a director and he is entitled to civil immunity. This argument is without merit.[1]
These assignments of error are without merit.
DISMISSAL OF SUIT AGAINST THE CLUB’S INSURER
(Specification of Error 3)
There are three defendants in this suit: (1) Carr; (2) American Modern Home Insurance Company (American), Carr’s personal liability insurer; and (3) Continental Insurance Company (Continental), the insurer of the Club and its Board. The peremptory exception and motion for summary judgment under consideration herein were filed by Carr and American. The record before us shows Continental filed an answer. The trial court judgment granted the summary judgment and sustained the exception, but dismissed the suit “against all parties”. The appellants correctly assert that the suit was improperly dismissed against Continental.
This assignment of error has merit.
DECREE
For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of Carr and American is affirmed and the judgment dismissing Continental as a party defendant is reversed. Appellants are cast for the cost of this appeal.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
PONDER, J., dissents and assigns reasons.

. Because we have affirmed the judgment granting summary judgment, it is unnecessary to pass on the propriety of the peremptory exception pleading the objections of no cause of action and no right of action.