EDWARDS, Judge.
This is a suit for personal injuries sustained by Marie Matlosz in an automobile accident. She was driving her personal automobile in the course and scope of her employment with D & W Underwater Welding Services when Calvin Goza drove his vehicle across the center line and crashed head-on into her. Marie and David Matlosz sued Calvin Goza; his insurer, American Southern Insurance Company; D & W’s liability and uninsured motorist insurer, Safeguard Insurance Company; D & W’s umbrella insurer, Integrity Insurance Company; and plaintiffs’ own uninsured motorist insurer, American International Underwriters Insurance Company (A.I.U.).
On November 21,1985, the jury returned a verdict in favor of Mr. & Mrs. Matlosz for $150,000.00. Plaintiffs appeal, alleging the trial court erred in calculating the interest owed by Safeguard and the jury awarded an excessively low verdict considering Marie’s extensive injuries. Safeguard answered, contending that the judgment is improper because its policy did not provide uninsured motorist coverage under the circumstances of this case, and further, that the damage award to plaintiffs is excessive.
LIABILITY
Safeguard asserts that the policy it issued to D & W did not provide uninsured motorist coverage to Marie Matlosz. It relies on Babin v. State Farm Mutual Auto. Ins. Co., 504 So.2d 558 (La.App. 1st Cir.1986), cert, denied, 504 So.2d 877 (La. 1987), which originally stated that an employee operating his own vehicle in the course and scope of his employment was not an insured for liability and accordingly, was not entitled to uninsured motorist protection under his employer’s policy. On rehearing, the court held that an endorse *539 ment to the employer’s policy made the employee an insured and thus entitled him to uninsured motorist coverage.
Louisiana’s uninsured motorist statute, LSA-R.S. 22:1406, provides that any automobile liability insurance policy issued in this state must also provide uninsured motorist coverage in the same amount as liability coverage, unless uninsured motorist coverage is waived or lower limits of such coverage are selected in writing. In the instant case, Safeguard does not allege that D & W waived uninsured motorist coverage on the Matlosz vehicle or selected a lower limit in writing. Since the policy is not in the appellate record, we are unable to review Safeguard’s claim that Mrs. Mat-losz was not an “insured” under the policy. LSA-C.C.P. art. 2164. We do not reach the issue of whether the anti-stacking provision in LSA-R.S. 22:1406(D)(l)(c) is applicable here because the issue was not raised.
INTEREST
Plaintiffs contend that the trial court erred in calculating the interest owed by Safeguard. American tendered its $5,000.00 policy limits on October 19, 1984. Plaintiffs accepted the $50,000.00 policy limits tendered by A.I.U. on November 15, 1985, and agreed to release A.I.U. after trial. Plaintiffs did not reserve their right to recover interest from A.I.U. On November 18, 1985, Safeguard tendered $100,-000.00 with the stipulation that “interest on the judgment will not accrue on this $100,-000.00 from this day, but interest on the remainder of the judgment will be in accordance with law.” * The trial court signed the judgment on April 25, 1986, finding that Safeguard was liable for interest on $95,000.00 of the award.
The plaintiffs’ argument in support of Safeguard’s liability for interest on the entire judgment cannot be supported. American, Safeguard and A.I.U. were all available to plaintiffs as solidary obligors and were liable for the payment of interest on their policy limits. Interest was not recovered from A.I.U. only because the plaintiffs agreed to release them after trial without reserving their right to collect interest. Clearly, absent the release, A.I.U. would have been liable for interest on its policy limits. Travelers Indem. Co. v. Reserve Ins. Co., 364 So.2d 1041 (La.App. 1st Cir.1978). When the plaintiffs released a portion of the solidary claim, it could not then be recovered from any remaining soli-dary obligors. LSA-C.C. art. 1803. In O’Donnell v. Fidelity Gen. Ins. Co., 344 So.2d 91, 93 (La.App. 2d Cir.1977), the court cited “numerous cases [holding] that an insurer is liable for legal interest from judicial demand only on the amount of the judgment against the insurer....” Thus, the trial court correctly held Safeguard to be liable for legal interest on $95,000.00 instead of the entire award recovered by plaintiffs.
QUANTUM
Plaintiffs contend that the judgment does not adequately compensate Mrs. Mat-losz for her injuries and defendants contend it is excessive. The medical records reveal that Marie’s injuries included a crushed right knee, which required surgical removal of the kneecap, bilateral acetabu-lar fractures of her hips, and facial lacerations, including a torn upper eyelid. Mrs. Matlosz was operated on three times. She was in traction for five weeks and was hospitalized for six weeks. After she was discharged, she needed a walker for two weeks and used crutches for another month.
Dr. Robert R. Rabalais was accepted by the trial court as an expert in the field of orthopedic surgery. He first treated Mrs. Matlosz on August 27, 1983, in the emergency room at Lane Hospital in Zachary. Marie’s leg wound was first debrided and then her kneecap was removed. The wound was packed open to help prevent and control infections, and plaintiff was put in traction. Dr. Lionel Smith, an opthal-mologist, repaired her eyelid. Several days *540 later, plaintiff was taken back to the operating room to have the wound cleaned out again. Dr. Rabalais stated that plaintiff has 25% impairment of her knee and 10% impairment of each hip, with the great possibility of degenerative arthritis which may require reconstructive hip surgery. He estimated that the total hip replacement cost to be around $15,000.00 to $18,000.00. Plaintiff is unable to perform any work which requires prolonged standing or walking, kneeling, lifting, or climbing. She testified that her husband and sons are active in sports and that it is uncomfortable for her to sit in a stadium to watch a game. Marie’s leg is permanently scarred and disfigured.
For six years prior to her injury, Marie was employed by D & W. As office manager, Marie’s job duties required her to file, type, drive a truck and whatever else was needed around the office. She was unable to return to work until November, and then only on a part-time basis. She returned to work full-time in January of 1985. Fortunately, Mr. Anderson, the owner of D & W, has been sympathetic and does not require Marie to do anything she feels she cannot do.
Defendants argue that the general damage award for the pain and suffering experienced by Mrs. Matlosz is excessive, while plaintiffs contend it is inadequate. An appellate court cannot disturb a quantum award unless the record clearly reveals that the trier of fact abused its discretion in making the award. If the jury award can be reasonably supported by the record, we must affirm it. Coco v. Winston Indus., Inc., 341 So.2d 332 (La.1976).
We find that the injuries suffered by Mrs. Matlosz were extremely painful. She was hospitalized for six weeks, operated on three times, and then underwent painful physical therapy. While plaintiffs’ judgment is on the low side, it is not so low as to constitute an abuse of discretion. Accordingly, we affirm the award in favor of plaintiffs for $150,000.00. After a thorough review and evaluation of the record, we are convinced that the evidence supports the jury verdict and affirm at appellants’ costs.
AFFIRMED.

 Safeguard owes legal interest on $95,000.00 from the date of judicial demand through November 18, 1985.