551 So.2d 25 (1989)
Philip Joseph DEAGRACIAS, III
v.
Elmo CHANDLER, d/b/a Chandler Dozer Service, et al.
No. 89-C-1414.
Court of Appeals of Louisiana, Fourth Circuit.
September 28, 1989.
Denis Paul Juge, Lynda L. Simpson, Brian J. Miles, New Orleans, for appellant.
Wiley J. Beevers, Curtis Gordon, Gretna, for appellee.
Before GARRISON, CIACCIO and WARD, JJ.
CIACCIO, Judge.
We granted certiorari in this case following the trial judge's denial of defendant's motion for summary judgment. The issue is whether plaintiff can bring an action in tort against his employer under a theory of products liability.
Plaintiff's suit stems from an injury that occurred on March 10, 1988 while plaintiff was in the course and scope of his employment with Elmo Chandler d/b/a Chandler Dozer Service. Defendant Chandler was also the manufacturer of the bucket on the backhoe which plaintiff was operating at the time of his accident.
Plaintiff alleges that the backhoe bucket failed, thereby causing his injuries. He seeks to hold defendant liable under a theory of "products liability" and he argues that the workmen's compensation statute, La.R.S. 23:1032, excludes only ordinary tort liability and not products liability.
Defendant, relying on the exclusivity of the workmen's compensation statute moved for summary judgment which was *26 denied by the trial judge. Since Chandler could not appeal from the court's refusal to render summary judgment, La.C.C.P. art. 968, its only available remedy was to apply for a writ of certiorari. See, Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981).
In his opposition to the motion for summary judgment, plaintiff argues that his suit is an exception to the exclusivity of the workmen's compensation statute under two theories: (1) plaintiff's injury arises out of an intentional act on the part of his employer which constitutes an exception to the exclusive remedy of La.R.S. 23:1032; and (2) defendant can be sued in its "dual capacity" as employer and manufacturer, citing Ducote v. Albert, 521 So.2d 399 (La. 1988).
Plaintiff's original Petition for Damages and First Supplemental and Amending Petition include allegations of negligence and products liability. The plaintiff makes no allegations of any intentional acts in his pleadings. Mere allegations of fact raised for the first time on a motion for summary judgment are not sufficient to defeat the motion. Under the circumstances outlined above, we find that there has been no showing of a genuine issue of material fact as to intentional acts on the part of the employer.
In support of his dual-capacity argument, plaintiff relies on Ducote v. Albert, 521 So.2d 399 (La.1988). In that case, the Supreme Court held that in a medical malpractice action, a company doctor is not immune from tort liability under the workmen's compensation statute. A company doctor has characteristics of an employee and of an independent contractor, and the Court held he may be sued in tort in his "dual capacity" as an independent contractor. The Court concluded that under the circumstances of that case, the company doctor was not a co-employee of the plaintiff entitled to immunity from tort liability. Ducote v. Albert, supra, 521 So.2d at 400.
We find that the Ducote rationale is not controlling in the case at bar. The holding of Ducote specifically involves an action for medical malpractice and does not apply to a suit against an employer for products liability.
Rather, there is a long line of jurisprudence which directly holds that products liability actions are not exempt from the exclusivity of the worker's compensation statute. Atchison v. Archer-Daniels-Midland Co., 360 So.2d 599 (La.App. 4th Cir.), writ denied, 362 So.2d 1389 (La. 1978); Tomasich v. United States Fidelity & Guaranty Co., 415 So.2d 1002 (La.App. 4th Cir.), writ denied, 420 So.2d 446 (La. 1982); Smith v. AMF Tuboscope, Inc., 442 So.2d 679 (La.App. 1st Cir. 1983). We are not persuaded by plaintiff's argument that the narrow holding in Ducote overrules this line of cases. Based on the above-cited jurisprudence, we find that defendant is entitled to summary judgment.
Accordingly, the judgment of the trial court is reversed and Chandler's motion for summary judgment is granted. There is judgment in favor of defendant, Elmo Chandler, d/b/a Chandler Dozer Service, and against plaintiff Philip Joseph Deagracias, dismissing his suit against Chandler at his cost.
REVERSED AND RENDERED.