577 So.2d 1117 (1991)
Andrew Anthony HEBERT and Iva Mae Sanchez Hebert
v.
ALLIED SIGNAL, INC. a/k/a Allied Corporation a/k/a Allied Chemical Geismar Works, Travelers Insurance Company, Constitution State Service Company, Gary Mercer, Crum & Forster Commercial Insurance Company and/or United States Fire Insurance Company.
No. 90 CA 0095.
Court of Appeal of Louisiana, First Circuit.
March 28, 1991.
Writ Denied June 14, 1991.
Leo J. Landry, Jr., Morgan City, for Andrew Hebert.
*1118 Edward P. Lobman, Metairie, for U.S. Fire Ins. Co.
James H. Morgan III, Baton Rouge, for Harless Agency Inc. & Kim Bertrand.
Scott T. Gegenheimer, Baton Rouge, for Gary Mercer.
John L.A. Lefant, IV, Metairie, for Aetna Cas. & Sur. Co.
John W. Perry, Jr., Baton Rouge, for U.S. Fidelity & Guar. Co.
John E. Heinrich, Baton Rouge, for Allied-Signal, Inc.
Before SAVOIE, CRAIN and FOIL, JJ.
CRAIN, Judge.
Andrew Anthony Hebert was injured in the course and scope of his employment while inflating the left rear tire of a dump truck. Hebert was employed by Gary Mercer Construction Services, Inc. (Mercer Construction) and received worker's compensation benefits for his injuries. The truck was owned by Gary Mercer personally and leased to Mercer Construction for use in the business.
Hebert and his wife, Iva Mae Sanchez Hebert, instituted this action for personal injuries against the following defendants: Allied Signal, Inc. A/K/A Allied Corporation, A/K/A Allied Chemical Geismar Works (Allied) which had entered into a construction contract with Mercer Construction; Gary Mercer; Travelers Insurance Company (Allied's insurer); Constitution State Service Company; Crum and Forster Commercial Insurance Company (Crum and Forster) and/or United States Fire Insurance Company (U.S. Fire), which issued a business automobile policy on the dump truck; and United States Fidelity & Guaranty Company (U.S.F. & G), which issued a comprehensive general liability policy.
Mercer instituted a third party demand against U.S.F. & G., Crum & Forster and U.S. Fire for refusal to defend; Harless Agency Incorporated, the insurance agency which sold him the policies; and Kim Bertrand, an insurance agent.
U.S.F. & G., Crum & Forster, U.S. Fire and the Heberts filed separate motions for summary judgment. Judgments were rendered in favor of Crum and Forster and U.S. Fire and against the Heberts and Mercer; in favor of U.S.F. & G. and against Mercer; and in favor of Mercer and against plaintiffs.
Plaintiffs appealed alleging as error (1) the trial court's granting of the summary judgment in favor of U.S.F. & G. against plaintiffs; (2) the granting of the summary judgment in favor of Crum & Forster and U.S. Fire; and (3) the granting of the summary judgment in favor of Mercer and against plaintiffs. Mercer appealed the judgments in favor of U.S.F. & G. and U.S. Fire.

WORKERS' COMPENSATION AS EXCLUSIVE REMEDY AGAINST MERCER
A motion for summary judgment should be granted where the movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. La.C.C.P. art. 966; Hebert v. Gulf States Utilities Co., 369 So.2d 1104 (La.App. 1st Cir.1979). The existence of any real doubt as to the existence of a genuine issue of material fact should preclude the granting of a summary judgment. Cannon v. Insured Lloyds, 499 So.2d 978 (La.App. 3d Cir. 1986).
In Cormier v. Guilbeaux, 547 So.2d 17, 18 (La.App. 3d Cir.), writ denied, 551 So.2d 633 (La.1989) the court stated as follows:
La.R.S. 23:1032 provides that worker's compensation benefits shall be the exclusive remedy of an injured employee against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal. The statute withholds that immunity, however, as to an officer, director, stockholder, partner or employee of such employer or principal `who is not engaged at the time of the injury in the normal course and scope of his employment.' *1119 Thus, in order to be shielded from liability under La.R.S. 23:1032, in addition to being a director, officer, stockholder or employee of Mercer Construction, Mercer must also have been normally engaged in the fulfillment of his duties in his capacity as a director, shareholder or employee of Mercer Construction at the time of the accident. Crabtree v. Carr, 486 So.2d 921 (La.App. 1st Cir.), writ denied, 488 So.2d 690 (La.1986).
By deposition Mercer testified that Mercer Construction was duly incorporated and that he is a major stockholder, corporate president, administrator and manager of Mercer Construction. On a daily basis, Mercer performed employment duties and tasks for Mercer Construction which were similar to or the same as those performed by employees of Mercer Construction. He further stated that his sole occupation was the construction business and that the truck was leased by him to the corporation for use in that business. Plaintiffs presented no affidavit or deposition or other evidence to controvert these facts.
Plaintiffs contend that although Mercer may be immune from liability as Hebert's employer or co-employee under La.R.S. 23:1032, he may be liable under the dual capacity doctrine. Under very limited circumstances our Supreme Court in Ducote v. Albert, 521 So.2d 399 (La.1988), applied the dual capacity doctrine and held that though otherwise immune from liability under La.R.S. 23:1032, a company physician could be sued in medical malpractice by a company employee. This result was reached by comparing the role of a physician to that of an independent contractor: the employer had no control over the physician's actions. Ducote v. Albert has subsequently been legislatively overruled by La. Acts 1989, No. 454, § 2, effective January 1, 1990, which amended La.R.S. 23:1032 to specifically exclude liability under any dual capacity doctrine. Except for the narrow circumstances of Ducote v. Albert, the courts of this state have consistently rejected the dual capacity doctrine. E.g., Nunez v. Canik, 551 So.2d 796 (La.App. 3d Cir. 1989), writ denied, 556 So.2d 57 (La.1990); Deagracias v. Chandler, 551 So.2d 25 (La. App. 4th Cir.1989); White v. Naquin, 500 So.2d 436 (La.App. 1st Cir.1986); Smith v. AMF Tuboscope, Inc., 442 So.2d 679 (La. App. 1st Cir.1983). We see no reason why it should be applied here.
Mercer has established that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. For these reasons we affirm the summary judgment in favor of Mercer.

U.S.F. & G.
Mercer alleges as error the trial court's granting of summary judgment in favor of U.S.F. & G., contending that under the comprehensive general liability policy issued to Mercer, U.S.F. & G. has the duty to defend him in this action. U.S.F. & G. admits in brief that Mercer is the named insured on the policy. However, the insurance policy at issue was omitted from the appeal record. Since the policy is not in the appellate record we are unable to review whether U.S.F. & G. has the duty to defend Mercer in this action. Matlosz v. Goza, 515 So.2d 537 (La.App. 1st Cir.1987). Since it is necessary that we remand this matter for further proceedings in connection with another policy, we deem it in the interest of justice to remand this portion also for inclusion of the policy in the event of another appeal.

CRUM & FORSTER AND UNITED STATES FIRE INSURANCE COMPANY
Mercer assigns as error the rendition of summary judgment in favor of U.S. Fire. In written reasons for judgment the trial court found that Mercer Construction, not Mercer, was the named insured under the business auto policy issued by U.S. Fire which covered the dump truck. It further found that even if Mercer was the named insured, coverage of Hebert's injuries would be excluded under the terms of the policy.
The policy at issue specifically excludes coverage for obligations for which the insured is liable for worker's compensation benefits; bodily injury to an employee of *1120 the insured arising from the course and scope of his employment; and bodily injury to a fellow employee of the insured.
The named insured on the U.S. Fire policy is listed as Gary Mercer (in bold type) Construction Service, Inc. (handwritten). The portions of Mercer's deposition included in the appeal record refer to a conversation between Mercer and his insurance agent regarding coverage and whether the policy should be issued to Mercer or Mercer Construction. A factual controversy regarding the named insured on a liability policy is material to insurance coverage and the duty of U.S. Fire to defend Mercer in this action, thus precluding the granting of a summary judgment in favor of U.S. Fire. We reverse that portion of the trial court's judgment and remand for further proceedings on the duty of U.S. Fire to defend.
The Heberts allege that the summary judgment in favor of Crum & Forster was erroneously granted. A reading of the insurance policy clearly shows that Crum & Forster is not the insurer nor did it issue the business auto policy. The policy was issued by U.S. Fire. Crum & Forster is described on the policy as a "capital stock company," a separately incorporated holding company comprised of several companies, including U.S. Fire. Crum & Forster submitted an affidavit describing it as such. Opponents presented no evidence to the contrary. Accordingly, we affirm the judgment of the trial court in repsect to Crum & Forster.
The judgment of the trial court is reversed in part and affirmed in part. Costs are assessed jointly between the Heberts, U.S.F. & G. and U.S. Fire.
AFFIMRED IN PART, REVERSED IN PART AND REMANDED.