633 So.2d 287 (1993)
Ashley GUEDRY and Dwayne Guedry
v.
Ronald C. FROMENTHAL, individually and as Administrator of the Estate of his Minor Child, Benjamin P. Fromenthal, State Farm Mutual Automobile Insurance Company, and Prudential Property and Casualty Insurance Company.
No. 92 CA 2228.
Court of Appeal of Louisiana, First Circuit.
November 24, 1993.
Katheryn Wyble, Baton Rouge, for plaintiff/appellant.
*288 Timothy E. Pujol, Gonzales, for defendant/appellee.
Before CARTER, GONZALES and WHIPPLE, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment granting a motion for summary judgment.

FACTS
On March 22, 1991, petitioner Ashley Guedry was a passenger in a motor vehicle owned and being driven by Sandra D. Guedry. The Guedry vehicle was travelling eastbound on Louisiana Highway 934 in Ascension Parish, when Benjamin P. Fromenthal, the minor child of Ronald C. Fromenthal, ran a stop sign and collided with the Guedry vehicle.
On August 19, 1991, petitioners, Ashley Guedry and her husband, Dwayne, filed this action for damages. The petition alleged that, as a result of this accident, Ashley suffered damages and extensive injuries for which she incurred medical expenses and that Dwayne suffered damages for loss of consortium. The petition named the following defendants: Ronald C. Fromenthal, individually and as administrator of the estate of his minor child, Benjamin P. Fromenthal; State Farm Mutual Automobile Insurance Company (State Farm), Ronald C. Fromenthal's automobile liability insurer;[1] and Prudential Property and Casualty Insurance Company, Sandra D. Guedry's automobile liability insurer.[2]
Petitioners later filed an amended and supplemental petition alleging that State Farm had issued an insurance policy, (No. 531 9845-A31-18B), which allegedly provided uninsured motorist (UM) coverage to Dwayne and Ashley Guedry. The petition also alleged that petitioners were entitled to penalties and attorney's fees for State Farm's arbitrary and capricious refusal to settle their claims within thirty days of receiving satisfactory proof of loss.[3]
State Farm filed a motion for summary judgment, contending that petitioners are not insureds under the policy. Therefore, State Farm reasoned that petitioners have no right to recover under the UM provisions of the State Farm policy.
On August 10, 1992, the trial court granted State Farm's motion for summary judgment, finding that petitioners were not named insureds under the policy and were not residents of the insured's household. Petitioners appealed, assigning the following specification of error:
The District Court erred in granting the Motion for Summary Judgment of State Farm Mutual Automobile Insurance Company, thereby dismissing the claims of Dwayne and Ashley Guedry under the uninsured motorist provision of the policy at issue.

SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d 1115, 1120 (La.App. 2nd Cir.), writ denied, 587 So.2d 695 (La.1991). The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Thompson v. South Central Bell Telephone *289 Company, 411 So.2d 26, 27 (La.1982); Legros v. Norcen Exploration, Inc., 583 So.2d 859, 860 (La.App. 1st Cir.), writs denied, 588 So.2d 101, 109 (La.1991).
The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Robertson v. Our Lady of Lake Regional Medical Center, 574 So.2d 381, 384 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991). In determining whether material facts have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980).
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991).
A person who does not qualify as an "insured" under a policy of insurance is not entitled to uninsured motorist coverage under that policy. Scherer v. Chaisson, 469 So.2d 510, 512 (La.App. 3rd Cir.1985). Therefore, the issue before the court is whether plaintiffs were insureds under the policy issued by State Farm.
The insurance policy at issue was omitted from the record on appeal. Since the policy is not in the appellate record, we are unable to review whether plaintiffs are insureds under the policy. Hebert v. Allied Signal, Inc., 577 So.2d 1117, 1119 (La.App. 1st Cir.), writ denied, 581 So.2d 683 (La.1991); Matlosz v. Goza, 515 So.2d 537, 539 (La.App. 1st Cir. 1987).
Pursuant to LSA-C.C.P. art. 2164, an appellate court must render its judgment based upon the record on appeal. The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, jury instructions, judgments, and other rulings, unless otherwise designated. Tranum v. Hebert, 581 So.2d 1023, 1026 (La.App. 1st Cir.), writ denied, 584 So.2d 1169 (La.1991). An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Tranum v. Hebert, 581 So.2d at 1026; Davis v. Anderson, 451 So.2d 1302, 1303 (La.App. 1st Cir.1984).
Because we are unable to determine whether the petitioners are named insureds, it is unnecessary for us to determine whether the contract should be reformed so as to make them named insureds.
Accordingly, the judgment of the trial court granting State Farm's motion for summary judgment is reversed.

CONCLUSION
For the reasons set forth above, the trial court judgment is reversed. State Farm is cast for all costs.
REVERSED.
GONZALES, J., concurs and assigns reasons.
WHIPPLE, J., concurs for the reasons assigned by GONZALES, J.
Before CARTER, GONZALES and WHIPPLE, JJ.
GONZALES, Judge, concurring.
I respectfully concur. While I agree with the result reached in the majority opinion, I disagree with the analysis. The issue on appeal is whether the plaintiffs are insured under a reformation of the insurance policy because of the intent of the plaintiffs to reform the policy, not whether the plaintiffs are named insureds under the policy. The policy itself is not necessary evidence as to the parties' intent since plaintiffs do not argue or appeal that they are named insureds under the policy.
However, under La.C.C.P. art. 966, the trial court erred in granting a summary judgment where there was a disputed issue of material fact as to whether the parties mutually intended to reform the contract. I believe the summary judgment should be reversed on that basis, rather than the basis *290 that the insurance contract is not part of the record on appeal.
NOTES
[1] State Farm unconditionally tendered and deposited into the registry of the court its liability policy limits of $25,000.00 plus interest, without any admission of liability on the part of its insured, Benjamin Fromenthal, Ronald Fromenthal, or State Farm.

Plaintiffs subsequently withdrew the money from the registry of the court, reserving all rights and causes of action against Ronald Fromenthal, Benjamin Fromenthal, and State Farm.
[2] On March 27, 1992, Prudential was dismissed from the suit with prejudice, but petitioners reserved all rights against Ronald Fromenthal (individually and as administrator of the estate of his minor child, Benjamin Fromenthal) and State Farm.
[3] Insurance policy number 531 9845-A31-18B was issued to Ronald P. Guedry (Dwayne's father) and covered a 1982 Buick Regal.