STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2025 CW 0329

ALAN V. BRUMFIELD

VERSUS

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS

Judgment Rendered: **NOV 07 2025**

* * * * *

On Appeal from the
19th Judicial District Court
Parish of East Baton Rouge, State of Louisiana
Trial Court No. 714,798

The Honorable Tarvald A. Smith, Judge Presiding

* * * * *

Alan V. Brumfield                    Plaintiff-Appellant,
Homer, Louisiana                     In Proper Person

Jonathan Vining                      Attorney for Defendant-Appellee,
Baton Rouge, Louisiana               Louisiana Department of
                                     Public Safety and Corrections

* * * * *

BEFORE: LANIER, WOLFE, AND HESTER, JJ.

**WOLFE, J.**

Alan V. Brumfield, a *pro se* inmate in the custody of the Louisiana Department of Public Safety and Corrections ("DPSC"), appeals a judgment of the trial court ordering the East Baton Rouge Parish Clerk of Court to reimburse him for "any and all costs actually paid into the suit record," but denying any award for his out-of-pocket expenses for filing his lawsuit against DPSC. For the following reasons, we convert this matter to an application for a supervisory writ, and we deny the writ.

## BACKGROUND

This matter has been before this court multiple times in the form of one prior appeal and four applications for supervisory writs. See **Brumfield v. Louisiana Department of Public Safety and Corrections**, 2022-0689 (La. App. 1st Cir. 12/22/22), 358 So.3d 70 (in an appeal of an administrative decision, this court ordered DPSC to amend Brumfield's records to reflect that his rate for parole eligibility consideration was 75 percent, and assessed DPSC with $808.00 for costs of the appeal). See also **Brumfield v. Louisiana Department of Public Safety and Corrections**, 2024-0872 (La. App. 1st Cir. 11/18/24), 2024 WL 4815496 (unpublished) (this court granted Brumfield's supervisory writ application and instructed the trial court to act on his motion to clarify); **Brumfield v. Louisiana Department of Public Safety and Corrections**, 2023-0976 (La. App. 1st Cir. 5/9/24), 2024 WL 2076964 (unpublished) (this court denied Brumfield's supervisory writ application because the trial court had already granted his motion to tax all court costs to DPSC); **Brumfield v. Louisiana Department of Public Safety and Corrections**, 2023-0374 (La. App. 1st Cir. 7/28/73), 2023 WL 4839932 (this court denied Brumfield's supervisory writ application seeking to compel DPSC to comply with the prior order of this court in the appeal, because Brumfield's motion to compel should be filed with the trial court); and **Brumfield v. Louisiana**

2

**Department of Public Safety and Corrections**, 2023-0382 (La. App. 1st Cir. 6/20/23), 2023 WL 4072100 (this court granted Brumfield's supervisory writ application and ordered the trial court to act on his motion to tax all court costs to DPSC). Additionally, this court has issued two interim orders concerning Brumfield's motion to tax all court costs to DPSC (both on November 20, 2023) and vacated an amended judgment as having made a substantive change (on March 8, 2024).

The remaining dispute concerns reimbursement of Brumfield's unsworn statement of out-of-pocket expenses of $42.17 for paper, legal pads, and stamps, which the trial court denied on January 17, 2025. Brumfield appealed the January 17, 2025 judgment on February 12, 2025. That judgment provides, in pertinent part:

> [Brumfield's] Motion to Clarify is GRANTED in part.

> **IT IS HEREBY ORDERED** that the East Baton Rouge Parish Clerk of Court reimburse [Brumfield] for any and all court costs actually paid into the suit record for the initial suit filed before this Court and his appeal to the First Circuit Court of Appeal.

> [Brumfield] <u>shall</u> <u>not</u> be awarded any out of pocket costs expended on the filing of this suit. (Emphasis in original.)

On April 15, 2025, this court, *ex proprio motu*, issued a rule to show cause, advising "[t]he January 17, 2025 judgment ... at issue appears to lack appropriate decretal language as it fails to name [sic] specific party whom the ruling is against ..." and "... appears to lack the appropriate decretal language disposing of and/or dismissing any claims ...".

In response to the show cause order, Brumfield argues that the January 17, 2025 judgment was a prohibited substantive change to the trial court's April 8, 2024 order "to tax all court costs to [DPSC]." Brumfield initially sought a remand to the trial court with instructions to correct the deficiencies in the January 17, 2025 judgment, but he later filed a motion to convert his appeal to an application for

3

supervisory writ. On August 28, 2025, Brumfield's motion was referred to this panel to consider along with the merits of his appeal.

We note that a writ application would have been timely because Brumfield filed his motion for appeal within thirty days of the judgment. See **Myers v. Diaz**, 2022-0445 (La. App. 1st Cir. 11/4/22), 354 So.3d 78, 81 (an appellate court has discretionary authority to convert an appeal of an interlocutory judgment to an application for supervisory writs if the notice of appeal would have been timely had it been filed as a writ application). Generally, an order concerning the taxing of costs after a final judgment is appealable. See **Price v. City of Ponchatoula Police Department**, 2012-0727 (La. App. 1st Cir. 12/21/12), 111 So.3d 1053, 1055. However, when the judgment does not contain appropriate decretal language, this court's appellate jurisdiction is not properly invoked. See **Succession of Simms**, 2019-0936 (La. App. 1st Cir. 2/21/20), 297 So.3d 110, 115. This court has found a judgment to be valid even though it did not refer to the plaintiff by name, where there was only one plaintiff involved in the case, and the plaintiff's name was discernible from the caption of the judgment. **Micken v. DHC OPCO-Napoleonville, LLC**, 2018-0140 (La. App. 1st Cir. 11/2/18), 2018 WL 5732482, *2 (unpublished). Considering the number of times this *pro se* matter has been before this court and the trial court, in the interest of justice and judicial economy, we grant Brumfield's motion and convert his appeal of the interlocutory judgment to an application for a supervisory writ of review. See La. Code Civ. P. art. 2164 (the appellate court shall render any judgment which is just, legal, and proper upon the record on appeal).

## LAW AND ANALYSIS

The ultimate issue for our review is Brumfield's request to be awarded his unverified out-of-pocket expenses for paper, legal pads, and stamps that he incurred in connection with this lawsuit, and to ensure that the Clerk of Court for the

4

Nineteenth Judicial District Court reimburses him with any and all money withheld from his prison account for this lawsuit. The trial court has great discretion to render judgment for costs as it may consider equitable, but generally costs shall be paid by the party cast. See La. Code Civ. P. art. 1920. See also **Haller v. GEO Group, Inc.**, 2012-0781 (La. App. 1st Cir. 2/15/13), 2013 WL 595793, *2 (unpublished). Upon review, a trial court's assessment of costs can be reversed only upon a showing of an abuse of discretion. **Herigodt v. Town of Golden Meadow**, 2020-0752 (La. App. 1st Cir. 2/22/21), 321 So.3d 1004, 1016, writ denied, 2021-00880 (La. 10/12/21), 325 So.3d 1070. Louisiana Revised Statutes 13:4533 sets out expenses that are allowed to be taxed as costs, which include "the costs of the clerk, sheriff, witness' fees, costs of taking deposition and copies of acts used on the trial, and all other costs allowed by the court."

The record reflects that Brumfield was granted his request to proceed *in forma pauperis*. Under La. Code Civ. P. arts. 5181-5188, an indigent litigant who is granted the privilege of proceeding *in forma pauperis* is relieved of paying court costs in advance or as they accrue or furnishing security therefor. The discretion of the trial court to award costs is limited in a pauper case by the more specific provision found in La. Code Civ. P. art. 5186, which mandates the assessment of costs to the party against whom the judgment is rendered. See **Curry v. Healthsouth North Rehabilitation Hosp-Homer Campus**, 46,015 (La. App. 2d Cir. 3/11/11), 58 So.3d 1143, 1151, writ denied, 2011-0749 (La. 5/27/11), 63 So.3d 995. Brumfield was the prevailing party in his lawsuit against DPSC. Unfortunately for Brumfield, however, his purchase of paper, legal pads, and stamps is not considered as court costs. See **Haller**, 2013 WL 595793 at *1-2 (no abuse of discretion by trial court that disallowed $55.71 reimbursement for copy costs and postage to an inmate). The only costs that can be taxed against a litigant are those specifically provided for by statute. See **Carr and Associates, Inc. v. Jones**, 2022-

0946 (La. App. 1st Cir. 5/10/23), 368 So.3d 593, 600, <u>writ denied</u>, 2023-00795 (La. 10/3/23), 370 So.3d 1075 (the term "all costs" is sometimes referred to as "legal costs" or "costs of the proceedings"). <u>See also</u> **Boleware v. City of Bogalusa**, 2001-1014 (La. App. 1st Cir. 12/20/02), 837 So.2d 71, 77-78 n.12 (postage charges were not recoverable as costs); **Barre-Williams v. Ware**, 2020-0665 (La. App. 4th Cir. 4/28/21), 365 So.3d 760, 783-784 (discretionary expenses for mailing and trial supplies were not taxable as costs). Therefore, we conclude that Brumfield is only entitled to recover actual costs charged by the clerk of court and/or remitted by him to the clerk of court for prepayment of costs. **Haller**, 2013 WL 595793 at *1.

## CONCLUSION

After a thorough review of the record in this matter, it is clear that the trial court did not abuse its discretion in denying Alan V. Brumfield's request for an order reimbursing him out-of-pocket expenses for the cost of paper, legal pads, and stamps. Therefore, the trial court's January 17, 2025 judgment is affirmed and this writ is denied. All costs of this appeal converted to a supervisory writ are assessed to Alan V. Brumfield.[1]

**WRIT DENIED; JUDGMENT AFFIRMED.**

---

[1] Although Brumfield proceeded on appeal *in forma pauperis*, he is responsible for payment of the costs of this appeal on which he failed to prevail. La. Code Civ. P. art. 5188; **Smith v. AMF Tuboscope, Inc.**, 442 So.2d 679, 681 (La. App. 1st Cir. 1983).